Eric H. Horn Esq. (NJ No. 003822005)
A.Y. STRAUSS LLC
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel: (973) 287-5006
Email: ehorn@aystrauss.com
*Attorneys for Defendant Zariz Transport, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>    *Plaintiff,*<br><br>    v.<br><br>ZARIZ TRANSPORT, INC. and<br>YAAKOV GUZEGUL<br><br>    *Defendants* | DOCKET NO.: 2:23-cv-2850<br><br>**NOTICE OF REMOVAL** |

**TO:   THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendants Zariz Transport, Inc. ("Zariz") and Yaakov Guzegul ("Guzegul") (together "Defendants") hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Essex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and state:

### INTRODUCTION

1.      Plaintiff Doremus Land 672, LLC ("Plaintiff") commenced this action on May 1, 2023, by filing a Complaint (the "Complaint") in the Superior Court of New Jersey, Law Division, Essex County, captioned *Doremus Land 672, LLC v. Zariz Transport, Inc. and Yaakov Guzegul*, Docket No. ESX-L-002789-23 ("the State Court Action"), which is now pending in that court.

2.      Upon information and belief, the Complaint has not yet been served on any Defendant.

3.      This Notice of Removal is filed prior to the expiration of 30 days of the date of service, as required by 28 U.S.C. § 1446(b), and the Notice of Removal is timely under 28 U.S.C. § 1446(b).

4.      Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders filed in the State Court Action.

5.      The Complaint purports to assert eight counts, for breach of contract, breach of good faith and fair dealing, unjust enrichment, violation of the New Jersey Spill Act, negligence, declaratory judgments (separately asserted against Zariz and Guzegul), and preliminary injunctive relief.  *See* Complaint.

6.      Because the Superior Court of Essex County, New Jersey, lies in the District of New Jersey, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 110, 1441(a).

7.      As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF THE PARTIES

8.      At the time of the filing of the Complaint, Plaintiff was a domestic limited liability company organized under the laws of the State of New Jersey.  (Complaint, ¶1).

9.      Upon information and belief, and based upon disclosures made by Plaintiff in court filings, Plaintiff's sole member is Anthony Berritto.

10.     Upon information and belief, and based upon publicly available information, at the time of the filing of the Complaint, Anthony Berritto was a resident of, and domiciled in, the State of New Jersey.

11.     Accordingly, for the purpose of diversity jurisdiction, Plaintiff is a citizen of the State of New Jersey.

11.      As a corporation, Zariz is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business, as of the filing of the Complaint. *See* 28 U.S.C. § 1332(c).

12.     On June 20, 2018. Zariz was incorporated in the State of New Jersey

13.     On April 6, 2022, Zariz filed a Certificate of Domestication with the Florida Secretary of State, changing Zariz's place of incorporation from New Jersey to Florida.  **See Exhibit B.**

14.     Since April 6, 2022, Zariz has been incorporated as a Florida Profit Corporation under the laws of the State of Florida.  *See* **Exhibit C.**

15.     To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16.     Zariz's "nerve center" is in the State of Florida.  Its President, Yaakov Guzegul, and Chief Financial Officer, Josh Gross, reside in Florida and operate, direct, and coordinate Zariz's business operations from Zariz's Florida office, located at 7601 N Federal Hwy, Ste B-230, Boca Raton, FL 33487.

17.     Accordingly, for the purpose of diversity jurisdiction, Zariz is a citizen of the State of Florida.

18.     At the time of the filing of the Complaint, Guzegul was an individual residing in Boca Raton, Florida (Complaint, ¶3), and was domiciled in the State of Florida.

19.     In conclusion, Plaintiff is a citizen of New Jersey, Zariz is a citizen of Florida, and Guzegul is a citizen of Florida.  As such, there is diversity jurisdiction under 28 U.S.C. § 1332.

## **AMOUNT IN CONTROVERSY**

20.     Plaintiff's Complaint does not state the amount in controversy in this action. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2). *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

21.     In the Complaint's causes of actions for, inter alia, breach of contract, breach of good faith and fair dealing, and unjust enrichment, Plaintiff seeks, *inter alia*, "An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breach; Compensatory, consequential and incidental damages; [and] A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement;…."  (*See* Complaint, pp. 8, 9, 11)

22.     The payments and damages sought by Plaintiff plainly exceed $75,000.  The Complaint alleges, *inter alia,* that Zariz agreed to pay Plaintiff a license fee of $90,000 <u>per month</u>, but Zariz failed to make the monthly payment for November 2022, December, 2022, and January 2023 (Complaint,  ¶¶ 13, 31, 34); that Defendants are also required to indemnify Plaintiff for the

cost of removing certain road millings at the Property (Complaint, pp. 8, 9, 11); and that Defendants are LAO responsible for other costs and expenses including attorney's fees.  (*Id.*)

23.     Accordingly, the amount in controversy clearly exceeds $75,000.00.

## **CONCLUSION**

24.     Attached hereto as **Exhibit D** is a copy of the Notice to Clerk of the Superior Court of New Jersey of Filing of Notice of Removal (without exhibits), the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Essex County, as required by 28 U.S.C. § 1446(d).

25.     Attached hereto as **Exhibit E** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action from the Superior Court of Essex County, New Jersey, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

A.Y STRAUSS LLC
*Attorneys for Defendants*


By:     */s/ Eric Horn*
        Eric H. Horn, Esq.


Dated: May 25, 2023

# EXHIBIT A

SILLS CUMMIS & GROSS P.C.
Michael J. Geraghty, Esq. (ID No. 026161987)
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Plaintiff*

|  |  |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>Plaintiff,<br><br>v.<br>ZARIZ TRANSPORT, INC. and YAAKOV GUZEGUL,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br>DOCKET NO. ESX-L-_____<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, Doremus Land 672, LLC ("Plaintiff"), by and through its counsel, Sills Cummis & Gross P.C., as and for its Complaint against defendants Zariz Transport, Inc. and Yaakov Guzegul, hereby alleges as follows:

## **THE PARTIES**

1.    Plaintiff Doremus Land 672, LLC is a domestic limited liability company organized under the laws of the State of New Jersey.

2.    Upon information and belief, defendant, Zariz Transport, Inc., is a corporation, organized under the laws of the State of New Jersey, and maintains a principal place of business in Newark, New Jersey.

3.    Upon information and belief, defendant, Yaakov Guzegul, is an individual residing in Boca Raton, Florida.

## **VENUE**

4.    Venue is proper in this Court, pursuant to *R.* 4:3-2(a)(1), because this action affects

real property located in Essex County and Plaintiff is seeking, among others, relief concerning the real property, Essex County is the county in which the cause of action arose, and the county in which Plaintiff resides at the time of the commencement of this action.

## FACTS COMMON TO ALL COUNTS

**The License Agreement**

5.      On or about February 10, 2022, Plaintiff entered into a license agreement (the "License Agreement"), by and between Plaintiff, as licensor, and Zariz, as licensee, whereby Zariz licensed a portion of the Licensed Premises from Plaintiff.

6.      Defendant Guzegul executed the License Agreement on behalf of Zariz.

7.      Pursuant to the preamble clauses of the License Agreement, Zariz agreed to use the Licensed Premises for the limited purpose of parking Zariz's trailers and/or containers and for no other purpose.

8.      Pursuant to section 1(c) of the License Agreement, Zariz agreed not to cause or permit any hazardous materials to be brought, kept, used, or stored within the Licensed Premises.

9.      Additionally, pursuant to section 1(c), Zariz also agreed to "indemnify Plaintiff from any and all claims, losses, liabilities, damages and expenses (including, but not limited to, site inspection costs, removal and remediation costs, fines, penalties, and attorneys' fees and disbursements) incurred as a result of Zariz's violation of" Section 1 of the License Agreement.

10.     Section 1(f) of the License Agreements, provides:

> As used herein, the term "Hazardous Materials" "shall mean in any hazardous or toxic substances, materials, wastes, pollutants and the like which are defined as such in, and/or regulated by (or become defined in and/or regulated by), any applicable local, state or federal law including, without limitation, the Comprehensive Environmental Response Compensation and Liability Act (42 U.S.C. §§ 9601 et seq.), the Hazardous Materials Transportation Act (49 U.S.C. § 1801), the Clean Water Act (33 U.S.C. § 1251 et seq.), the Resource Conservation and Recovery Act (42 U.S.C. § 6901 et seq.), the Clean Air Act

(42 U.S.C. § 7401 et seq.), the Toxic Substances (control Act (15 U.S.C. § 2601 et seq.), the Federal Insecticide, Fungicide, and Rodenticide Act (7 U.S.C. § 136 et seq.), the Occupational Safety and Health Act (29 U.S.C. § 651 et seq.), ISRA (and its predecessor statutes), the Spill Compensation and Control Act (N.J.S.A. 58: 10-23.11, et seq.), the Air Pollution Control Act (N.J.S.A. 26:2C-2, et seq.), the New Jersey Water Pollution Control Act (N.J.S.A. 58: 10A-1, et seq.), the Underground Storage Tank Act (N.J.S.A. 58: 10A-21, et seq.) and the Solid Waste Management Act (N.J.S.A. 13:1E-1, et seq.), any other federal, state, local or foreign law or ordinance which is presently in effect or hereafter enacted relating to environmental matters, any rules and regulations promulgated under any of the foregoing, and any and all amendments to the foregoing (collectively, 'Environmental Laws'). The term 'Hazardous Material' also includes, without limitation: (i) any material or substance which is defined, listed, or designated as a 'hazardous waste,' 'extremely hazardous waste,' 'restricted hazardous waste,' 'hazardous substance,' or 'hazardous material,' or as 'toxic,' 'dangerous,' 'hazardous,' or 'extremely hazardous' by or under any Environmental Laws; (ii) petroleum, its component parts, and substances manufactured from the same; and (iii) asbestos.

11.     Pursuant to section 2(a) of the License Agreement, the term of the License Agreement was for thirty (30) days, but the term would automatically renew for successive thirty (30) day periods, subject to Plaintiff's right to terminate the License Agreement upon thirty (30) days prior written notice, which could be given at any time.

12.     Pursuant to section 2(b) of the License Agreement, upon termination of the License Agreements, Zariz agreed to immediately surrender possession of the Licensed Premises, in the same condition as existed upon the commencement of License Agreement, free and clear of all Zariz's personal property.

13.     Pursuant to section 3(a) of the License Agreement, Zariz agreed to pay Plaintiff a license fee totaling Ninety Thousand Dollars ($90,000.00) per month, due and payable in advance, without set offs or deductions of any kind.

14.     Pursuant to section 3(b) of the License Agreement, if any portion of the license fees are "not paid on or prior to the date the same is due, [l]icensee shall immediately pay to [l]icensor, a late charge equal to five percent (5%) of the amount unpaid. . . .In addition, any installment or

3

installments of the [l]icense [f]ee that are not paid within ten (10) days after the date when due, will bear interest at the lesser of: (i) six ( 6) percentage points over the prime commercial lending rate publicly announced from time to time by Citibank N.A. or its successor bank, or (ii) the highest legal rate permitted by law. Any interest due as set forth in the preceding sentence shall be calculated from the due date the payment was due but not fully paid until the date of payment."

15.     Pursuant to section 4(b) of the License Agreement, Zariz was prohibited from performing any vehicle repairs and/or oil changes on the Licensed Premises.

16.     Pursuant to section 8 of the License Agreement, Zariz agreed to defend, indemnify, and hold harmless Plaintiff from and against any and all liabilities, obligations, damages, penalties, claims, demands, fines, suits, actions, proceedings, orders, decrees, judgments, costs and expenses (including reasonable attorney's fees and disbursements) of any kind or nature arising out of, *inter alia*, any matter, cause or thing arising out of Zariz's use, occupancy, operations, control or management of the Licensed Premises and any part thereof, or any failure on the part of the Zariz to perform or comply with any of the covenants, agreements, terms or conditions contained in the License Agreement.

17.     Pursuant to section 9(b) of the License Agreement, upon termination of the License Agreements, if Zariz failed to remove any property brought upon the Licensed Premises by Zariz, at Plaintiff's option:

> (i)  said property shall be deemed abandoned by [l]icensee and shall become the property of [l]icensor, or (ii) [l]icensor may notify [l]icensee to remove said property at [l]icensee's own cost and expense **AND the [l]icense [f]ee required to be paid herein shall be charged at the rate of 200% of the rate set forth above in Par. 3 on a day for day basis until [l]icensee removes all property and trailers from the [p]arking [a]rea as required herein.** If [l]icensor elects to notify [l]icensee to remove said property and [l]icensee fails to do so within the period set forth in [l]icensor's notice, then, upon such failure, [l]icensor may, in addition to any other remedies available to it, remove said property as the duly authorized agent of [l]icensee, and store the same in the name and at

the expense of [l]icensee or those claiming through or under [l]icensee under any usual or proper form of warehouse receipt, whether or not authorizing the sale of said property for non-payment of storage charges, and without in any way being liable for conversion or negligence of any person in caring for said property while in storage; in such event, [l]icensee agrees to pay to [l]icensor, upon demand, irrespective of length of time of storage, all removal and storage costs incurred by [l]icensor." [Emphasis in original]

18.     Pursuant to paragraph 12 of the License Agreement, Zariz agreed and acknowledged that its rights to occupy the Licensed Premises was pursuant to the License Agreement and that no landlord-tenant relationship and no tenancy, leasehold, or estate rights on the part of the Zariz in the Licensed Premises shall at any time be construed to arise, exist or to have been created by the relationship between the parties.

19.     Pursuant to paragraph 14 of the License Agreement, all notices shall be in writing and shall be deemed to have been given when received if delivered by messenger or sent by electronic mail.

20.     Pursuant to paragraph 22 of the License Agreement, if Plaintiff incurs any attorneys' fees, expenses, and/or costs in connection with the enforcement of any provision of the License Agreement, then Zariz shall promptly pay, upon demand, such reasonable attorneys' fees and costs.

**Zariz's Breaches of the License Agreement**

21.     Pursuant to the License Agreement, Zariz is only authorized to use the Licensed Premises for the parking of trailers and/or containers.

22.     Zariz is prohibited from causing or permitting any hazardous material to be brought, kept, used or stored within the Licensed Premises.

23.     Upon information and belief, Defendants spread over the surface of the Licensed Premises road millings approximately one (1) foot deep on top of the surface.

24.     Road millings are a toxic and hazardous substance, highly regulated by the New Jersey Department of Environmental Protection ("NJDEP"), due to the extent in which to contaminates the air and water.

25.     Furthermore, Zariz placed a sign on the Licensed Premises, without obtaining the necessary authorization from Plaintiff to do so.

26.     Zariz also used the Licensed Premises to park a house trailer and trucks, without obtaining the necessary authorization from Plaintiff to do so.

27.     Zariz performed oil changes on the Licensed Premises, in violation of section 4(b) of the License Agreement.

28.     Per the License Agreement, Zariz agreed to pay Ninety Thousand Dollars ($90,000.00) in licensing fees for the Licensed Premises, on or about the first day of each month.

29.     Zariz failed to pay Ninety Thousand Dollars for the month of November 2022, while continuing to use the Licensed Premises, as opposes to vacating the Licensed Premises, as demanded by Plaintiff.

30.     On or about November 14, 2022, Plaintiff, through counsel, served a second notice upon Zariz, which included a demand for payment of outstanding fees and demanded that Zariz vacate the Licensed Premises by November 30, 2022.

31.     Zariz failed to make payment for the license fee for November 2022 or vacate the Licensed Premises.

32.     Per the License Agreement, as a result of Zariz's failure to make timely payment of the Total Licensing Fee, the license fee increased by five percent (5%), plus interest thereon, at a rate of thirteen percent (13%), from and after November 1, 2022 to date.

33.     Per section 9(b) of the License Agreement, as a result of Zariz's failure to vacate

6

the Licensed Premises by November 30, 2022, the licensing fees for the Licensed Premises has increased by two hundred (200%), on a day for day basis, until Zariz completely vacates the Licensed Premises and removes all items it brought onto the premises.

34.     Zariz failed to make payment on the increased licensing fees for the month of December 2022 and January 2023

35.     Although Zariz removed certain personal property from the Licensed Premises, it failed to remove the road millings that it spread throughout the Licensed Premises.

36.     On or about December 22, 2022, Plaintiff, through counsel, served upon Zariz a third demand letter, demanding that Zariz make payment of all outstanding licensing fees, vacate the Licensed Premises, and remove the road millings, approximately one (1) foot deep, Defendants dumped on the Licensed Premises.

37.     Despite several requests from Plaintiff for information related to the road millings and demands that Defendants remove the road millings and remediate the environmental damage Defendants caused, to date Defendants failed to provide Plaintiff with a response regarding the road millings.

38.     To date, Defendants have failed to remove the millings, which has caused or will cause Plaintiff to incur costs and/or damages.

**<u>COUNT ONE</u>**
(Breach of License Agreement by Zariz)

39.     Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

40.     Zariz breached the License Agreement by failing to vacate the Leased Premises as demanded.

41.     Zariz breached the License Agreement by spreading road millings on the surface of

the Licensed Premises.

42.   Zariz breached the License Agreement by failing to pay license fees and other charges under the License Agreement, which charges continue to accrue until Zariz removes the road millings from the Licensed Premises.

43.   Zariz breached its obligations under the License Agreement including, but not limited to, its obligations under Paragraphs 1, 2, 3, 4, 8, 9, 12, and 22 of the License Agreement.

44.   Plaintiff performed all its obligations and duties under the License Agreement.

45.   Plaintiff continues to be damaged by Zariz's breaches of the License Agreement.

46.   Pursuant to paragraphs 1, 2, 3, 4, 8, 9, 12, and 22 of the License Agreement, Zariz has been and will continue to suffer harm and damages.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a)   Ejectment from the Licensed Premises;
(b)   An Order temporarily and preliminary enjoining Zariz from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined in Section 1(f) of the License Agreement;
(c)   An Order compelling Zariz to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Zariz from preforming oil changes on the Licensed Premises;
(d)   An Order compelling Zariz to vacate the Licensed Premises;
(e)   An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breaches;
(f)   Compensatory, consequential and incidental damages;
(g)   A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and
(h)   Such other and further relief as this Court deems just and equitable.

## **COUNT TWO**
(Breach of Good Faith and Fair Dealing Against Zariz)

47.   Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

48.     On or about February 10, 2022, Plaintiff and Zariz entered into the License Agreement.

49.     Pursuant to the License Agreement, Zariz explicitly agreed to use the Licensed Premises for the sole purpose of parking trailers and/or containers.

50.     Pursuant to the License Agreement, Zariz explicitly agreed not to, *inter alia*, cause or permit any hazardous materials on the Licensed Premises.

51.     Zariz agreed not to perform oil changes on the Licensed Premises.

52.     Zariz failed to vacate the Licensed Premises, despite being given proper notice.

53.     Zariz knew or should have known its actions could cause harm to Plaintiff including, but not limited to, the issuance of violations from local and state environmental protection agencies.

54.     As a result of Zariz's actions, the Licensed Premises has been and continues to be exposed to Hazardous Materials.

55.     As a result of Zariz's actions, Plaintiff has been damaged.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a)     Ejectment from the Licensed Premises;
(b)     An Order temporarily and preliminary enjoining Zariz from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined in Section 1(f) of the License Agreement;
(c)     An Order compelling Zariz to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Zariz from preforming oil changes on the Licensed Premises;
(d)     An Order compelling Zariz to vacate the Licensed Premises;
(e)     An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breaches;
(f)     Compensatory, consequential and incidental damages;
(g)     A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and

(h)      Such other and further relief as this Court deems just and equitable.

## COUNT THREE
### (Unjust Enrichment Against Defendants)

56.      Plaintiff reaffirms and realleges the above Paragraphs, as though fully set forth at length herein.

57.      On or about February 22, 2022, Plaintiff and Zariz entered into the License Agreement.

58.      Pursuant to the License Agreement, Zariz explicitly agreed to vacate the Licensed Premises and pay all outstanding licensing fees, plus applicable fees and interest, to Plaintiff.

59.      Zariz refused to vacate the Licensed Premises, despite being given proper notice.

60.      Furthermore, Defendants have dumped toxic road millings, approximately one (1) foot deep, on the Licensed Premises.

61.      If Defendants are allowed to abandon the road millings on the Licensed Premises, Plaintiff will be forced to absorb the significant costs of remediating the Licensed Premises and removing the road millings.

62.      Zariz has been unjustly enriched, at Plaintiff's expense, to the extent it occupied the Licensed Premises, in the months of November and December 2022, without making the requisite payments due to Plaintiff under the License Agreement.

63.      Defendants will further be unjustly enriched, at Plaintiff's expense, to the extent they are allowed to abandon the road millings on the Licensed Premises, and Plaintiff becomes compelled to pay for the removal and elimination of the toxic substances.

64.      It would be against equity and good conscience to allow Defendants to retain such benefit without fairly compensating Plaintiff.

65.      Defendants have thus been unjustly enriched at Plaintiff's expense and to its

detriment.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a) Ejectment from the Licensed Premises;

(b) An Order temporarily and preliminary enjoining Zariz from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined in Section 1(f) of the License Agreement;

(c) An Order compelling Zariz to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Zariz from preforming oil changes on the Licensed Premises;

(d) An Order compelling Zariz to vacate the Licensed Premises;

(e) An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breaches;

(f) Compensatory, consequential and incidental damages;

(g) A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and

(h) Such other and further relief as this Court deems just and equitable.

## COUNT FOUR

(Violation of the New Jersey Spill Compensation and Control Act Against Defendants)

66.   Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

67.   On or about February 22, 2022, Plaintiff and Zariz entered into the License Agreement.

68.   Upon information and belief, defendant Guzegul is the president/chief executive officer of Zariz.

69.   Upon information and belief, at some point after licensing the Licensed Premises from Plaintiff, Defendants dumped road millings, approximately one (1) foot deep, on the Licensed Premises.

70.   Road millings can be a toxic and hazardous substance, highly regulated by the NJDEP, due to the extent in which it contaminates the air and water.

71.     The road millings spread on the Licensed Premises exceed DEP standards and guidance.

72.     Zariz's spreading of the road millings on the surface of the Licensed Premises may or does constitute a discharge in violation of the Spill Act for which Defendants are responsible.

73.     By virtue of their control and management of the Licensed Premises, Defendants are responsible parties under the New Jersey Spill Compensation and Control Act ("Spill Act"), as defined at N.J.S.A. 58:10-23.11g et seq.

74.     By virtue of their ownership of the road millings and intentional dumping of the same, upon the Licensed Premises, Defendants are responsible parties under the Spill Act.

75.     As a direct and proximate result of Defendants' contamination of the Licensed Premises, Plaintiff has been greatly damaged and may be compelled to incur great cost in remediation and has been otherwise damaged.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a)     Ejectment from the Licensed Premises;
(b)     An Order temporarily and preliminary enjoining Zariz from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined in Section 1(f) of the License Agreement;
(c)     An Order compelling Zariz to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Zariz from preforming oil changes on the Licensed Premises;
(d)     An Order compelling Zariz to vacate the Licensed Premises;
(e)     An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breaches;
(f)     Compensatory, consequential and incidental damages;
(g)     A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and
(h)     Such other and further relief as this Court deems just and equitable.

**COUNT FIVE**
(Negligence Against Defendants)

76.    Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

77.    On or about February 22, 2022, Plaintiff and Zariz entered into the License Agreement.

78.    Upon information and belief, defendant Guzegul is the president/chief executive officer of Zariz.

79.    Upon information and belief, at some point after licensing the Licensed Premises from Plaintiff, Defendants negligently or willfully dumped road millings, approximately one (1) foot deep, on the Licensed Premises.

80.    Road millings are a toxic and hazardous substance, highly regulated by the NJDEP, due to the extent in which it contaminates the air and water.

81.    By virtue of their ownership of the road millings and intentional dumping of the same, upon the Licensed Premises, Defendants are liable to Plaintiff under common law for negligence as a result of their discharge of a hazardous substance upon Plaintiff's property and for contribution in remediating the damage Defendants caused.

82.    As a direct and proximate result of Defendants' contamination of the Licensed Premises, Plaintiff has been greatly damaged and may be compelled to incur great cost in remediation and has been otherwise damaged.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a)    Ejectment from the Licensed Premises;
(b)    An Order temporarily and preliminary enjoining Zariz from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined

in Section 1(f) of the License Agreement;

(c)  An Order compelling Zariz to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Zariz from preforming oil changes on the Licensed Premises;

(d)  An Order compelling Zariz to vacate the Licensed Premises;

(e)  An Order compelling Zariz to indemnify Plaintiff for any losses suffered by Plaintiff due to Zariz's breaches;

(f)  Compensatory, consequential and incidental damages;

(g)  A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and

(h)  Such other and further relief as this Court deems just and equitable.

<u>**COUNT SIX**</u>
Declaratory Judgment Against Zariz)

83.  Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

84.  Pursuant to <u>N.J.S.A.</u> §2A:16-50 *et seq.*, this Court is authorized to make a declaration as to the rights of all persons, including, *inter alia*, corporations of any character, such as limited liability companies.

85.  Zariz purports to be a corporation.

86.  <u>N.J.S.A.</u> 2A:16-53, states, in relevant part:

A person interested under […] written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

87.  On or about February 10, 2022, Plaintiff and Zariz entered into the License Agreement.

88.  Pursuant to the License Agreement, Zariz explicitly agreed to use the Licensed Premises for the sole purpose of parking Zariz's trailers and/or containers.

89.     Pursuant to the License Agreement, Zariz explicitly agreed not to, *inter alia*, cause or permit any hazardous materials on the Licensed Premises.

90.     Zariz also explicitly agreed not to perform oil changes on the Licensed Premises.

91.     Zariz further refused to vacate the Licensed Premises, despite being given proper notice.

92.     Zariz ignored all of Plaintiff's requests to comply with the terms of the License Agreement.

93.     Zariz has been and continues to knowingly be in breach of these limitations.

94.     As a result of Zariz's actions, Plaintiff may be issued violations from local and state environmental protection agencies, which carry steep penalties.

95.     As a result of Zariz's actions, the Licensed Premises has been and continues to be contaminated.

96.     As a result of Zariz's actions, Plaintiff has not received the fruits of the License Agreement, despite fulfilling all of its obligations under the License Agreement.

97.     It is impossible to determine the long-term damage Zariz's actions have caused to the environment, but every day Zariz fails to remediate these issues, the more severe and lasting the impacts will be.

WHEREFORE, plaintiff, Doremus Land 672, LLC, requests that the Court enter judgment in its favor and against defendant Zariz Transport, Inc. as follows:

(a)     A judgment declaring that Zariz caused and/or permitted hazardous materials on the Licensed Premises;
(b)     A judgment declaring that Zariz performed oil changes and placed signage on the Licensed Premises;
(c)     A judgment declaring that Zariz is a licensee on the Licensed Premises;
(d)     A judgment declaring that Zariz is in breach of the License Agreement;
(e)     A judgment for compensatory damages with interest accrued and accruing thereon;
(f)     A judgment for pre and post judgment interest, costs, disbursements, and attorneys'

fees, pursuant to the License Agreement; and

(g)    Such other and further relief as this Court deems just.

## **COUNT SEVEN**
### (Declaratory Judgment Against Guzegul)

98.    Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at length herein.

99.    Pursuant to N.J.S.A. §2A:16-50 *et seq.*, this Court is authorized to make a declaration as to the rights of all persons, including, *inter alia*, corporations of any character, such as limited liability companies.

100.    Defendant Guzegul is a person.

101.    N.J.S.A. §2A:16-53, states, in relevant part:

> A person interested under […] written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

102.    On or about February 10, 2022, Plaintiff and Zariz entered into the License Agreement.

103.    Upon information and belief defendant Guzegal is the president/chief executive officer of Zariz.

104.    Upon information and belief, at some point after licensing the Licensed Premises from Plaintiff, Defendants dumped road millings, approximately one (1) foot deep, on the Licensed Premises.

105.    Road millings are a toxic and hazardous substance, highly regulated by the NJDEP, due to the extent in which it contaminates the air and water.

106.   Upon information and belief, defendant Guzegal instructed and directed the dumping of the road millings upon the Licensed Premises.

107.   Upon discovering that Guzegal had dumped road millings upon the Licensed Premises, Plaintiff demanded that Defendants remove the road millings and remediate the environmental damage they caused.

108.   Guzegal ignored all of Plaintiff's requests to remediate the Licensed Premises.

109.   Guzegal has been and continues to knowingly be in violation of the New Jersey Spill Act.

110.   As a result of Guzegal's actions, Plaintiff may be issued violations from local and state environmental protection agencies, which carry steep penalties.

111.   As a result of Guzegal's actions, the Licensed Premises has been and continues to be contaminated.

112.   It is impossible to determine the long-term damage Guzegal's actions have caused to the environment, but every day Guzegal fails to remediate these issues, the more severe and lasting the impacts will be.

**WHEREFORE**, Plaintiff respectfully requests that the Court find in its favor and award Plaintiff:

(a)  A judgment declaring that Guzegal caused and/or permitted hazardous materials on the Licensed Premises;
(b)  A judgment for compensatory damages with interest accrued and accruing thereon;
(c)  A judgment for pre and post judgment interest, costs, disbursements, and attorneys' fees, pursuant to the License Agreement; and
(d)  Such other and further relief as this Court deems just.

## <u>COUNT EIGHT</u>
(Preliminary Injunctive Relief Against Defendants)

113.   Plaintiff repeats and realleges the above Paragraphs, as though fully set forth at

length herein.

114.   On or about February 10, 2022, Plaintiff and Defendant entered into the License Agreement.

115.   Pursuant to the License Agreement, Defendant explicitly agreed to use the Licensed Premises for the sole purpose of parking Defendant's trailers and/or containers.

116.   Pursuant to the License Agreement, Defendant explicitly agreed not to, *inter alia*, cause or permit any hazardous materials on the Licensed Premises.

117.   Defendant also explicitly agreed not to perform oil changes on the Licensed Premises.

118.   Defendant further has refused to vacate the Licensed Premises, despite being given proper notice.

119.   Defendant has ignored all of Plaintiff's request to comply with the terms of the License Agreement.

120.   Defendant has been and continues to knowingly be in breach of these limitations.

121.   As a result of Defendant's actions, Plaintiff may be issued violations from local and state environmental protection agencies, which carry steep penalties.

122.   As a result of Defendant's actions, the Licensed Premises has been and continue to be contaminated.

123.   As a result of Defendant's actions, Plaintiff has not received the fruits of the License Agreement, despite fulfilling all of its obligations under the License Agreement.

124.   It is impossible to determine the long-term damage Defendant's actions have caused to the environment, but every day Defendant fails to remediate these issues, the more severe and lasting the impacts will be.

**WHEREFORE**, Plaintiff respectfully requests that the Court find in its favor and award

Plaintiff:

(a) An Order temporarily and preliminary enjoining Defendant from placing any additional road millings on the Licensed Premises or any other Hazardous Materials defined in Section 1(f) of the License Agreement;

(b) An Order compelling Defendant to remediate the Licensed Premises and bring it in compliance with the License Agreement and all applicable and relevant laws, by removing all road millings and barring Defendant from preforming oil changes on the Licensed Premises;

(c) An Order compelling Defendant to vacate the Licensed Premises; and

(d) Such other and further relief as this Court deems just.

SILLS CUMMIS & GROSS, P.C.
*Attorneys for Plaintiff*

By:   */s/ Michael J. Geraghty*
MICHAEL J. GERAGHTY

Dated: May 1, 2023

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the

subject of any other action pending in any court, nor is it the subject of any pending arbitration

proceeding and no such action or arbitration is presently contemplated. Presently, there are no

additional parties known who should be joined at this time pursuant to *R*. 4:28 or *R*. 29-1(b).

SILLS CUMMIS & GROSS P.C.
*Attorneys for Plaintiff*

By:   */s/ Michael J. Geraghty*
MICHAEL J. GERAGHTY

Dated: May 1, 2023

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to <u>R.</u> 4:5-1 and <u>R.</u> 4:25-4, plaintiff designates Michael J. Geraghty as its trial counsel on all issues.

SILLS CUMMIS & GROSS P.C.
*Attorneys for Plaintiff*


By:   */s/ Michael J. Geraghty*
      MICHAEL J. GERAGHTY

Dated: May 1, 2023

## <u>CERTIFICATION PURSUANT TO RULE 1:38-7(c)</u>

I hereby certify that confidential personal identifiers have been redacted from documents submitted to the Court and will redact from all documents submitted in the future in accordance with *R.* 1:38-7(b).

SILLS CUMMIS & GROSS P.C.
*Attorneys for Plaintiff*


By:   */s/ Michael J. Geraghty*
      MICHAEL J. GERAGHTY

Dated: May 1, 2023

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-002789-23**

**Case Caption:** DOREMUS LAND 672, LL C  VS ZARIZ TRANSPORT, INC .

**Case Initiation Date:** 05/01/2023

**Attorney Name:** MICHAEL JAMES GERAGHTY

**Firm Name:** SILLS CUMMIS & GROSS, PC

**Address:** THE LEGAL CENTER ONE RIVERFRONT PLZ NEWARK NJ 071025400

**Phone:** 9736437000

**Name of Party:** PLAINTIFF : Doremus Land 672, LLC

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Doremus Land 672, LLC?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/01/2023
Dated

/s/ MICHAEL JAMES GERAGHTY
Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

                            TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MAY 01, 2023
                    RE:     DOREMUS LAND 672, LL C  VS ZARIZ TRANSPORT, INC .
                    DOCKET: ESX L -002789 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANNETTE SCOCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (973) 776-9300 EXT 56904.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: MICHAEL J. GERAGHTY
                            SILLS CUMMIS & GROSS, PC
                            THE LEGAL CENTER
                            ONE RIVERFRONT PLZ
                            NEWARK          NJ 07102-5400


ECOURTS

# EXHIBIT B

## CERTIFICATE OF DOMESTICATION

The undersigned, __YAAKOV I GUZELGUL__ , __President__ .
(Name)        (Title)

of __ZARIZ TRANSPORT INC.__ _____ a foreign corporation,
(Corporation Name)
in accordance with s. 607.1801, Florida Statutes, does hereby certify:

1.  The date on which corporation was first formed was __July 20__ , __2018__

2.  The jurisdiction where the above named corporation was first formed, incorporated, or otherwise came into being was __New Jersey__ .

3.  The name of the corporation immediately prior to the filing of this Certificate of Domestication was __ZARIZ TRANSPORT INC.__ .

4.  The name of the corporation, as set forth in its articles of incorporation, to be filed pursuant to s. 607.0202 and 607.0401 with this certificate is __ZARIZ TRANSPORT INC.__ .

5.  The jurisdiction that constituted the seat, siege social, or principal place of business or central administration of the corporation, or any other equivalent jurisdiction under applicable law, immediately before the filing of the Certificate of Domestication was __New Jersey__ .

6.  Attached are Florida articles of incorporation to complete the domestication requirements pursuant to s. 607.1801.

I am __YAAKOV I GUZELGUL__ , of __ZARIZ TRANSPORT INC.__

and am authorized to sign this Certificate of Domestication on behalf of the corporation and have done so this the __14ᵗʰ__ day of __February__ , __2022__ .

_____ (Authorized Signature)

**Filing Fee:**
| | |
|---|---|
| **Certificate of Domestication** | $ 50.00 |
| **Articles of Incorporation and Certified Copy** | $ 78.75 |
| **Total to domesticate and file** | $128.75 |

FILED 2021 APR -6 AM 11:18

INHS53 (12/12)

F19 000001528

# EXHIBIT C



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

# Detail by Entity Name

Florida Profit Corporation
ZARIZ TRANSPORT INC.

**Filing Information**

**Document Number**       P22000029439

**FEI/EIN Number**         APPLIED FOR

**Date Filed**             04/06/2022

**Effective Date**         07/20/2018

**State**                  FL

**Status**                 ACTIVE

**Principal Address**

678 DOREMUS AVE
NEWARK, NJ 07105

**Mailing Address**

7601 N FEDERAL HWY STE B-230
BOCA RATON, FL 33487

**Registered Agent Name & Address**

LORIUM PLLC
197 S FEDERAL HWY STE 200
BOCA RATON, FL 33432

**Officer/Director Detail**

**Name & Address**

Title P

GUZELGUL, YAAKOV I
22199 BELLA LAGO DR STE 1002
BOCA RATON, FL 33433

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2023 | 05/22/2023 |

**Document Images**

| | |
|---|---|
| 05/22/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2022 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

**EXHIBIT D**

Eric H. Horn Esq. (NJ No. 003822005)
A.Y. STRAUSS LLC
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel: (973) 287-5006
Email: ehorn@aystrauss.com
*Attorneys for Defendant Zariz Transport, Inc.*

| | |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>                              *Plaintiff,*<br><br>     v.<br><br>ZARIZ TRANSPORT, INC. and<br>YAAKOV GUZEGUL<br><br>                              *Defendants* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br>DOCKET NO. ESX-L-002789-23<br><br>**NOTICE TO FILING OF<br>NOTICE OF REMOVAL** |

**TO:    Deputy Clerk of the Superior Court**
**Hall of Records**
**465 Dr. Martin Luther King Blvd. Suite/Room 241**
**Newark, New Jersey 07102**

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants Zariz

Transport, Inc. and Yaakov Guzegul ("Defendants") has filed a Notice of Removal of the above-

captioned action in the United States District Court for the District of New Jersey.

Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case. Upon the

filing of this Notice of Filing of Notice of Removal, Defendants shall give written notice thereof

to Michael J. Geraghty, Esq., Sills Cummis & Gross, P.C., The Legal Center, One Riverfront Plaza,

Newark, New Jersey 07102, attorney for Plaintiff Doremus Land 672, LLC ("Plaintiff").

Pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States

District Court for the District of New Jersey, together with the filing of a copy of the Notice of

Removal with this Court, effects the removal of this action, and this Court may proceed no further

unless and until the action is remanded.

A.Y STRAUSS LLC
*Attorneys for Defendants*

By:     /s/ Eric Horn
        Eric H. Horn, Esq.

Dated: May 25, 2023

## <u>CERTIFICATION OF SERVICE</u>

I, David Salhanick, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via first-class mail on Michael J. Geraghty, Esq. Sills Cummis & Gross, P.C., The Legal Center, One Riverfront Plaza, Newark, New Jersey 07102, attorneys for Plaintiff. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: *David Salhanick*
DAVID SALHANICK

Dated: May 25, 2023

**EXHIBIT E**

Eric H. Horn Esq. (NJ No. 003822005)
A.Y. STRAUSS LLC
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel: (973) 287-5006
Email: ehorn@aystrauss.com
*Attorneys for Defendant Zariz Transport, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOREMUS LAND 672, LLC, | DOCKET NO.: 2:23-cv-2850_____ |
| *Plaintiff,* | |
| v. | **NOTICE TO ADVERSE PARTY OF** |
| | **FILING OF NOTICE OF REMOVAL** |
| ZARIZ TRANSPORT, INC. and | |
| YAAKOV GUZEGUL | |
| *Defendants* | |

**To:    Michael J. Geraghty, Esq.**
          **Sills Cummis & Gross, P.C.**
          **The Legal Center**
          **One Riverfront Plaza**
          **Newark, New Jersey 07102**

**PLEASE TAKE NOTICE** that Defendants Zariz Transport, Inc. and Yaakov Guzegul

("Defendants") in the action filed in the New Jersey Superior Court, Law Division, Essex County,

Docket No. ESX-L-002789-23, have filed a Notice of Removal to the United States District Court

for the District of New Jersey pursuant to 28 U.S.C. §§1441 and 1446. A copy of such Notice of

Removal is attached hereto.

A.Y STRAUSS LLC
*Attorneys for Defendants*

By:    */s/ Eric Horn*_____
          Eric H. Horn, Esq.

Dated: May 25, 2023