

101 Eisenhower Parkway, Suite 412
Roseland, NJ 07068
(973) 287-0966

535 Fifth Avenue, 4th Floor
New York, NY 10017
(646) 374-0255

**David Salhanick, Esq.**
dsalhanick@aystrauss.com | 973-425-5548 (NJ)

October 27, 2023

<u>Via ECF</u>

Magistrate Judge André M. Espinosa
United States District Court
District of New Jersey
Martin Luther King, Jr. Building
50 Walnut Street
Newark, NJ 07102

      Re:    *Doremus Land 672 LLC v. Zariz Transport, Inc. et al.*
               Civil Action No. 2:23-cv-02850-ES-AME

Dear Judge Espinosa:

      This firm represents Defendants Zariz Transport Inc. and Yaakov Guzelgul. Pursuant to Your Honor's Order dated September 26, 2023 (ECF Dkt. 24), the parties write to set forth in greater detail the basis for the parties' request to hold discovery in abeyance until Defendants' Motion to Dismiss the Complaint pursuant to Rules 12(b)(6) and 12(b)(1) has been decided.

### I.   <u>Standard on Motion for Stay of Discovery</u>

      The Court has discretion to defer the scheduling of a Rule 16 conference. *See* Local Rule 16.1(a)(1) ("The initial conference shall be scheduled within 60 days of filing of an initial answer, unless deferred by the Magistrate Judge due to the pendency of a dispositive or other motion."); *Levey v. Brownstone Inv. Group, LLC,* 590 Fed. Appx. 132, 134 (3d Cir. 2014) (acknowledging proper application of Local Civil Rule 16.1(a)(1)).

      "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). "Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion." *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (citations omitted); *Coyle v. Hornell Brewing Co.,* No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted).

      Although the parties do not seek a stay of discovery, the standard applied to determine if a stay is warranted are instructive to the Court's determination whether to exercise its discretion to hold the Rule 16 conference in abeyance. Courts in the Third Circuit frequently stay discovery pending the determination of a dispositive motion. *See Mann v. Brenner,* 375 F. App'x 232, 239 (3d Cir. 2010*)* (affirming stay of discovery during consideration of motion to dismiss); *In re*

Magistrate Judge André M. Espinosa
October 27, 2023
Page 2

*Orthopedic Bone Screw Prod. Liab. Litig.,* 264 F.3d 344, 365 (3d Cir. 2001), as amended (Oct. 10, 2001) (same); *Newsome v. City of Newark,* No. 13-6234, 2014 WL 1767562, at *2 (D.N.J. May 2, 2014) (granting stay of discovery pending consideration of motion to dismiss); *Actelion,* 2013 WL 5524078, at *6 (granting stay of discovery pending resolution of motion for judgment on the pleadings and motion to dismiss).

### II. Good Cause Exists to Defer the Rule 16 Conference During the Pendency of Defendants' Motion to Dismiss

Defendants' Motion to Dismiss does not require development of a factual record to be decided. A motion seeking dismissal under Rule 12(b)(6) can be decided without any factual development, because it tests the legal sufficiency of the claim. *See Mann*, 375 F. App'x at 239 ("A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development."). Defendants' request for dismissal under Rule 12(b)(1) can also be decided without discovery, because Defendants are asserting that judicial findings from, and a judgment issued by, the Superior Court of New Jersey renders Plaintiff without standing. Whether those findings and the judgment do, or do not, deprive Plaintiff of standing is a legal issue, not a factual one.

If the Court does not hold the Rule 16 conference in abeyance, the parties will be compelled to incur potentially needless, burdensome, and expensive costs of discovery in an action that may be dismissed. For the foregoing reasons, the parties' respectfully request that the Court defer the scheduling of the Rule 16 conference (and the scheduling of discovery deadlines) pending the disposition of Defendants' Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| SILLS CUMMIS & GROSS P.C. | A.Y. STRAUSS |
| By: */s/ Michael J. Geraghty* | By: */s/ David Salhanick* |
| Michael J. Geraghty | David Salhanick |
| One Riverfront Plaza | 290 West Mount Pleasant Avenue, |
| Newark, New Jersey 07102 | Livingston, NJ 07039 |
| Telephone: (973) 643-7000 | Telephone: (973) 425-5548 |
| mgeraghty@sillscummis.com | dsalhanick@aystrauss.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

cc: Counsel of Record (Via ECF)