David Salhanick, Esq. (NJ No. 041022011)
A.Y. STRAUSS LLC
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel: (973) 435-5548
Email: dsalhanick@aystrauss.com
*Attorneys for Defendants Zariz Transport, Inc.*
*and Yaakov Guzelgul*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOREMUS LAND 672, LLC, | DOCKET NO.: 2:23-cv-02850 |
| *Plaintiff,* | |
| v. | |
| ZARIZ TRANSPORT, INC. and YAAKOV GUZEGUL | |
| *Defendants* | |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

**A.Y. STRAUSS, LLC**
101 Eisenhower Parkway, Suite 412
Roseland, NJ 07068
(973) 425-5548

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT………………………………………………………………………..1

POINT I:      DEFENDANTS SEEK DISMISSAL UNDER BOTH
FED. R. CIV. P. 12(B)(1) AND FED. R. CIV. P. 12(B)(6)…………………….. 1

POINT II:     PLAINTIFF HAS NO ASSIGNABLE LEGAL INTEREST
IN THE PROPERTY……………………………………………………………..4

POINT III:    THE STAY ORDER DOES NOT PRECLUDE APPLICATION OF THE
JUDGMENT AS TO PVSC'S TITLE…………………………………………6

POINT IV:    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE SPILL ACT………..7

              A.     Plaintiff Did Not Plead That It Made
                     Expenditures Towards Remediation………………………………...8

              B.     Plaintiff's Claim is Foreclosed by N.J.S.A. 13:1E-99.28a………………9

POINT V:     PLAINTIFF'S MOOT PRAYERS FOR RELIEF
SHOULD BE DISMISSED………………………………………………….. 10

CONCLUSION…...............................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*760 N.B. Urban Renewal LLC v. Navigators Specialty Ins. Co.*,
  2021 U.S. Dist. LEXIS 238742, *17-18 (D.N.J. Dec. 14, 2021) ................................................ 8

*ASAH v. N.J. Dep't of Educ.*,
  2017 WL 2829648, at * 12 (D.N.J. June 20, 2017) ................................................... 3

*Cottrell v. Alcon Labs.*,
  874 F.3d 154 (3d Cir. 2017) ................................................................... 2

*Davis v. FEC*,
  554 U.S. 724 (2008) ......................................................................... 1

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ................................................................. 2

*Furniture Solutions & Resources v. Symmetry Office, LLC*,
  2015 WL 9302915 (E.D. Pa. Dec. 22, 2015 ............................................... 11

*Green v. Steelman*,
  10 N.J.L. 193 (N.J. 1828) .................................................................... 5

*Griffin v. Reynolds*,
  107 S.W.2d 634 (Tex. Civ. App. 1937) ...................................................... 5

*Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.*,
  2008 WL 906545, at *16 (M.D. Pa. Mar. 31, 2008) ......................................... 3

*Hector v. Blue Cross of Northeastern Pennsylvania*,
  2016 WL 499039, at *2 (M.D. Pa. Sep. 19, 2016) ......................................... 11

*In re NAHC, Inc. Securities Litigation*,
  306 F.3d 1314 (3rd Cir. 2002) ............................................................... 9

*J & M Land Co. v. First Union Nat. Bank*,
  326 N.J. Super. 591 (App. Div. 1999) ....................................................... 5

*Moore v. Moore*,
  41 N.J.L. 515 (N.J. 1879) ................................................................... 5

*Real Estate Invs. v. Edgewood Props.*,
  2007 U.S. Dist. LEXIS 1651, *7-8 (D. N.J. Jan. 8, 2007) .................................... 8

B

*Sandyston v. Angerman,*
    134 N.J. Super. 448 (App. Div. 1975)..........................................................................5

*Standard Realty Co. v. Gates,*
    99 N.J. Eq. 271 (Ch. 1926)..........................................................................................5

*Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation,*
    41 N.J. 405 (1964)........................................................................................................5

*Williams v. Savage,*
    538 F. Supp. 2d 34 (D.D.C. 2008) ..............................................................................3

*Xerox Corp. v. Listmark Computer Sys.,*
    142 N.J. Super. 232 (App. Div. 1976).....................................................................5, 6

**Statutes**

N.J.S.A. 13:1E-99.28 ...........................................................................................7, 9, 10
N.J.S.A. 20 § 3-19 ........................................................................................................4, 5

**Rules**

Fed. R. Civ. P. 12(b) ...................................................................................................1, 3

Defendants Zariz Transport Corp., Inc. ("Zariz") and Yaakov Gezelgul ("Guzelgul" and together, "Defendants") respectfully submit this reply memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), to dismiss the Complaint for failure to state a claim upon which relief can be granted and based on plaintiff Doremus Land 672, LLC's ("Plaintiff") lack of standing.  For the reasons set forth below and in Defendants' original moving papers, including Defendants' moving memorandum of law ("Defendants' Moving Brief" or "Defs' Mov. Br."), the Declaration of David Salhanick "(Salhanick Decl."), and the Declaration of Yaakov Guzelgul ("Guzelgul Decl."), the motion to dismiss should be granted.

## ARGUMENT

### Point I

### DEFENDANTS SEEK DISMISSAL UNDER BOTH FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)

As a threshold matter, it is important to clarify that Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) of <u>six</u> of Plaintiff's causes of action – for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligence, and declaratory judgments (the latter being two claims, asserted separately against each defendant) – based on lack of standing.  Defendants further seek the dismissal under Fed. R. Civ. P. 12(b)(6) of <u>all</u> of Plaintiff's causes of action – the six claims noted above, in addition to Plaintiff's claim under the Spill Act and Plaintiff's claim for preliminary injunctive relief – for failure to state a claim.

A motion to dismiss for lack of standing is distinct from a motion to dismiss for failure to state a claim.  As detailed in Defendants' Moving Brief, "[t]he standing inquiry …focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). To avoid impermissibly assessing the merits, a court weighing standing must "assume for the purposes of [a] standing inquiry that a plaintiff has

1

stated valid legal claims." *Cottrell v. Alcon Labs.,* 874 F.3d 154, 162 (3d Cir. 2017) (citation omitted). The focus of the standing inquiry is "whether the plaintiff is the proper party to bring those claims." *Id.*

Conversely, a motion to dismiss for failure to state a claim looks to the pleadings and certain limited extrinsic evidence, and determines whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (internal quotations omitted).

Plaintiff's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligence, and declaratory judgments should be dismissed for lack of standing. As extensively detailed in Defendants' Moving Brief (pp. 6-12), Plaintiff lacks standing to pursue these claims because it is not the party in interest. As Plaintiff lacked an legal interest in the Property at the time it purported to license the Property to Zariz, it lacks standing to assert contract or tort claims based on the License Agreement or alleged damage or contamination to the Property. Even if those clams might be asserted by someone, they may only be asserted by a party with a legal interest in the Property, not by Plaintiff.

Separate and apart from the standing issue, each of Plaintiff's causes of action fails to state a claim. Plaintiff's initial moving brief details how the essential elements of Plaintiff's claims are not met, or otherwise fail as a matter of law. These arguments focus on the underlying elements and viability of Plaintiff's claims, not Plaintiff's standing. *See* Defs' Mov. Br. at 13 (breach of contract claim fails due to Plaintiff's material breach, unilateral mistake, and frustration of purpose); 14 (implied covenant claim fails due to lack of viable contract); *id.* (unjust enrichment claim fails because alleged enrichment did not come at Plaintiff's expense); 15 (negligence claim fails because there was no legal relationship between Plaintiff and Defendants); *id.* (declaratory

judgment claims fail because Plaintiff has no interest in the Property).

Furthermore, certain of Defendants' arguments for dismissal under Fed. R. Civ. Proc. 12(b)(6) do not relate at all to Plaintiff's lack of interest in the Property. *See* Defs' Mov. Br. at 14 (implied covenant claim must be dismissed as duplicative of breach of contract claim); 15 (declaratory judgment claims are subsumed in Plaintiff's contract and tort claims).   In its opposition, Plaintiff simply ignores these arguments.   Because Plaintiff fails to address these arguments, it concedes them. S*ee Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot.,* 2008 WL 906545, at *16 (M.D. Pa. Mar. 31, 2008) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.") (quoting *Williams v. Savage*, 538 F. Supp. 2d 34, 41 (D.D.C. 2008)).

Defendants' Moving Brief further demonstrates that Plaintiff's claim under the Spill Act must be dismissed for failure to state a claim.  *See* Defs' Mov. Br. at 16-19; *see also* Point IV, *infra*.

In the absence of any viable underlying claim, Plaintiff's stand-alone cause of action for a preliminary injunction also fails to state a claim. "[C]ourts in this circuit routinely dismiss stand alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *ASAH v. N.J. Dep't of Educ.*, 2017 WL 2829648, at * 12 (D.N.J. June 20, 2017) (citing cases).

Accordingly, each of Plaintiff's claims should be dismissed.

Point II

**PLAINTIFF HAS NO ASSIGNABLE LEGAL INTEREST IN THE PROPERTY**

Plaintiff argues that, notwithstanding the Judgment issued by Judge Moore determining that "Plaintiff is duly vested with and has duly exercised its powers of Eminent Domain to acquire the subject property of the Defendants as described in the Complaint and Declaration of Taking" (Salhanick Decl. Ex. 8), it retained a "possessory interest" in the Property sufficient to license the Property to Zariz.

New Jersey law states otherwise.  Under N.J.S.A. 20 § 3-19:

> A copy of the declaration of taking and notice of the filing thereof and of the making of the aforesaid deposit, shall be served upon the condemnee and all occupants of the property in accordance with the rules, and proof of such service shall be filed in the action.  Thereupon, the right to the immediate and exclusive possession and title to the property described in the declaration of taking shall vest in the condemnor, ***free and discharged of all right, title, interest and liens*** of all condemnees without the necessity of further process. (emphasis added).

Thus, the law is clear: upon PVSC's recording of a Deed and Declaration of Taking in November 2021, PVSC acquired all rights in and to the Property, and Plaintiff was divested of all right, title, and interest in the Property.[1]

While N.J.S.A. 20 § 3-19 empowers a court, upon application and good cause shown, to "stay the taking of possession of the land or other property, or authorize possession to be taken upon prescribed conditions," nothing in the statute grants the condemnee an "interest" in the property upon a stay of possession.  The condemnee's status, should a stay be granted, is akin to a tenant at sufferance, who has bare possession of the property but no claim of legal interest.

---

[1] To be clear, under N.J.S.A. 20 § 3-19, the condenmor obtains contains all right, title, and interest in the property upon its filing and service of a declaration of taking.  Actual possession, and payment of the condemnation sum, may come later.

A tenant at sufferance is "'one who comes into possession of land by lawful title, usually by virtue of a lease for a definite period, and after the expiration of the period … holds over without any fresh leave from the owner.'" *Xerox Corp. v. Listmark Computer Sys*., 142 N.J. Super. 232, 240 (App. Div. 1976) (*citing Standard Realty Co. v. Gates*, 99 N.J. Eq. 271, 275 (Ch. 1926)).  A tenant at sufferance acquires only "naked possession" of the property, without legal interest. *Moore v. Moore*, 41 N.J.L. 515, (N.J. 1879).  "A tenant at sufferance is not in privity with the owner and possesses no interest capable of assignment."  *Griffin v. Reynolds*, 107 S.W.2d 634 (Tex. Civ. App. 1937).[2]

Because N.J.S.A. 20 § 3-19, upon the filing and service of the Declaration of Taking, discharges the prior owner from all "right, title, and interest" in the property, Plaintiff's occupancy of the Property is mere "naked possession," nothing more.  Plaintiff could not lease or license the Property to another party.

Nor did PVSC assent to Plaintiff's tenancy in, or its licensing of, the Property.   In recognition of the additional steps that needed to be completed under the Judgment before PVSC could obtain actual possession, the Settlement Agreement stated, "[Plaintiff] shall deliver exclusive possession of the Subject Property to PVSC no later than 548 days from the date of this Agreement."  (Salhanick Decl. Ex. 11 at 3).  The Settlement Agreement did not include any

---

[2]      Plaintiff's opposition brief appears to concede that a tenancy at sufferance is not a legal "estate."  Plaintiff also cites a series of cases holding that a fee interest or leasehold in land includes a right of possession.  *See J & M Land Co. v. First Union Nat. Bank,* 326 N.J. Super. 591, 598 (App. Div. 1999); *Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation*, 41 N.J. 405, 417 (1964); *Sandyston v. Angerman,* 134 N.J. Super. 448, 451 (App. Div. 1975).  That proposition is hardly controversial, and wholly irrelevant.  The issue here is: where a statute strips a prior landowner of all "right, title, or interest" thereto, does the prior landowner's continued possession of said land constitute an assignable legal interest?  The answer to that question is no.  *Green v. Steelman,* 10 N.J.L. 193 (N.J. 1828), which almost 200 years ago held that a legal interest in property may be sold via execution, does not address this question, and the fact that Black Law's Dictionary recognizes the existence of something called a possessory interest is irrelevant.

5

agreement for Plaintiff to lease or license the Property from PVSC, nor did it confer a legal interest in the Property to Plaintiff. *Cf., Xerox Corp.,* 142 N.J. Super. at 240 (where landlord "elect[s] to treat the holdover as a tenant and collect[s] rent, the tenancy created [is] that of a tenancy from month to month.").

Accordingly, Plaintiff lacked an assignable legal interest in the Property.

<u>Point III</u>

**<u>THE STAY ORDER DOES NOT PRECLUDE APPLICATION OF THE JUDGMENT AS TO PVSC'S TITLE</u>**

Plaintiff further argues that the Judgment issued in the Eminent Domain Action is nonbinding, because the Judgment was stayed by Judge Moore.  (Salhanick Decl. Ex. 10 (the "Stay Order")).  However, Plaintiff's reliance on the Stay Order without merit.

*First*, the Stay Order did not abrogate the Judgment's baseline finding that PVSC acquired title to the Property.  The Judgment (1) determined that PVSC had duly exercised its right of eminent domain, thereby obtaining all right, title, and interest in the Property (*see* Salhanick Decl. Ex. 8 at 9), and (2) further directed that PVSC take certain steps prior to obtaining possession the Property.  *See id*. Ex. 8 at 16-17 ("With respect to PVSC's relocation assistance obligations, this Court will only authorize possession once PVSC satisfies the following two conditions: (1) PVSC must expediently file, and receive approval of, a Workable Relocation Assistance Plan ('WRAP') with the Department of Community Affairs; (2) PVSC must comply with the applicable mandates prescribed under Relocation Assistance Act and the DCA regulations"). The Stay Order stayed "further implementation" of the Judgment – thus halting PVSC's actions required to obtain possession. (Salhanick Decl. Ex. 10).  The Stay Order did not rescind the Judgement's determination as to PVSC's right, title, and interest.

*Second*, while PVSC argued in the Eminent Domain Action that the Stay Order placed PVSC's title to the Property in doubt, Plaintiff took the contrary position, and argued strenuously to Judge Moore that the Stay Order did ***not*** impact PVSC's title.  *See* Salhanick Decl., Ex. 12, at 2 ("the April 2023 settlement agreement resolved [Plaintiff's] objection to the PVSC's authority to take the subject property"); 3 (the settlement agreement "recognize[s] that [Plaintiff] waived its right to object to the taking"); 5 ("The mere fact that the parties agreed to let [Plaintiff] maintain possession of the property for a set timeline does not override the constitutional principle that a condemnee's right to payment arises at the time of taking….PVSC cannot take title to the property and simultaneously restrict Doremus's entitlement to the estimate compensation on deposit").  Plaintiff's hypocrisy in seeking here to adopt PVSC's position is blatant.  Most importantly, Judge Moore adopted Plaintiff's position, permitting the condemnation payment to be released to Plaintiff.  (Salhanick Decl., Ex. 13).

*Third*, even if, somehow, the Judgment lacks collateral estoppel effect, this Court may, and should, adopt the reasoning underlying the Judgement and Judge Moore's Opinion and Order accompanying Judgment, which upon a thorough examination of New Jersey law concluded that PVSC had acquired all right, title, and interest to the Property.

<u>Point IV</u>

**<u>PLAINTIFF FAILS TO STATE A CLAIM UNDER THE SPILL ACT</u>**

As Defendants' original motion papers argue, Plaintiff's claim under the Spill Act fails to state a claim, for two reasons. First, to state a claim under the Spill Act, Plaintiff was required to allege, but failed to allege, that Plaintiff has expended funds to remediate contaminated property. Second, N.J.S.A. 13:1E-99.28a expressly permitted Zariz's use of recycled asphalt millings at the Property, "[n]notwithstanding the provisions of any law, or any rule or regulation adopted pursuant

thereto, to the contrary." Plaintiff's opposition papers fail utterly to rebut these arguments.

**A.     Plaintiff Did Not Plead That It Made Expenditures Towards Remediation**

Addressing its failure to plead payment for remediation, Plaintiff relies on its allegation

that "[a]s a direct and proximate result of Defendants' contamination of the Licensed Premises,

Plaintiff has been greatly damaged and may be compelled to incur great costs in remediation and

has been otherwise damaged." (Salhanick Decl., Ex. 14 at ¶75). However, that is *not* an allegation

that Plaintiff has already incurred remediation costs. On the contrary, Plaintiff's alleges that it *may*

*be* compelled to remediate the Property, not that it has incurred such costs. In fact, throughout its

Complaint, Plaintiff seeks to compel Defendants to undertake remediation in the first instance.

Plaintiff's allegations are thus materially different than those in *Preferred Real Estate Invs.*

*v. Edgewood Props.,* 2007 U.S. Dist. LEXIS 1651, *7-8 (D. N.J. Jan. 8, 2007), where the plaintiff

alleged it *had* "incurred cleanup and removal costs," and from those in *760 N.B. Urban Renewal*

*LLC v. Navigators Specialty Ins. Co.,* 2021 U.S. Dist. LEXIS 238742, *17-18 (D.N.J. Dec. 14,

2021),where the plaintiff alleged that it "*has* incurred, and will continue to incur, costs for testing,

investigation, removal and remediation of these discharges…." (emphasis added). Here, Plaintiff

fails to allege any existing expenditures towards remediation, which dooms its claim under the

Spill Act.

Plaintiff's blind request in the alternative for "leave to replead" – without bothering to

assert in its owner's declaration, let alone proffer a proposed amendment alleging, that Plaintiff

*has* paid for remediation – should be denied. If Plaintiff could truthfully allege that it paid for

remediation, it would have done so, either in the Complaint, or at the very least, in its declaration

opposing this motion. Plaintiff's failure to set forth any new allegations or a proposed amendment

curing its pleading deficiency is fatal to its request. *See In re NAHC, Inc. Securities Litigation*,

306 F.3d 1314, 1332 (3rd Cir. 2002) (leave to replead properly denied where the plaintiffs made "no representation as to any new information that [they] might have received since filing the Complaint, nor did they provide proposed amendments or specific facts that would cure the Complaint's pleading deficiencies") (brackets in original).  Plaintiff has not pled that it paid for remediation, does not claim to have done so even in opposing this motion, and is engaging in gamesmanship.

As such, leave to replead should be denied.

**B.      Plaintiff's Claim is Foreclosed by N.J.S.A. 13:1E-99.28a**

Addressing the impact of N.J.S.A. 13:1E-99.28a, which is another basis to dismiss the Spill Act claim, Plaintiff argues that "Sections -28b and -28c require that a person may not use recycled asphalt unless such person 'demonstrates to the Department of Environmental Protection that the level of any contaminant in the material is at or below a concentrations such that, if leaching occurs, the dissolved concentration of the contaminant in the leachate is: … (2) at or below all applicable groundwater quality standards established by the Department of Environmental Protection.'"

By leaving key words of the statute out of its quotation, Plaintiff's argument borders on fraud on the Court.  The statute imposes these requirements only where the pH of the property is four or less.  *See* N.J.S.A. 13:1E-99.28b ("A person shall not use recycled asphalt pavement as authorized in subsection a. of this section in an environment ***in which the pH is less than or equal to four***, unless the person demonstrates to the Department of Environmental Protection that the level of any contaminant in the material is at or below a concentration such that, if leaching occurs, the dissolved concentration of the contaminant in the leachate is….") (emphasis added); N.J.S.A. 13:1E-99.28c ("If a person fails to demonstrate to the Department of Environmental Protection

pursuant to subsection b. of this section that the dissolved concentration of any contaminant in the leachate of recycled asphalt pavement proposed for use in an environment *in which the pH is less than or equal to four*, is at or below the drinking water quality standards established by the Department of Environmental Protection…") (emphasis added).

As the 2007 New Jersey Department of Transportation report makes clear, a pH of four or less is present only in highly acidic environments, like mines containing sulfur and landfills. *See* https://www.nj.gov/transportation/business/research/reports/FHWA-NJ-2017-008.pdf at 4; Defs' Mov. Br. at 17. The Parking Lot is plainly not such an environment, and Plaintiff does not allege that the Property is such an environment. As such, none of the testing and readings taken by Plaintiff's expert, SESI, about contaminants within the millings are relevant. N.J.S.A. 13:1E-99.28a expressly permitted Zariz's use of recycled millings at the Property, full stop.

The 2019 report issued by the New Jersey Scientific Advisory Board and cited by Plaintiff, which discusses harms that might theoretically arise from recycled asphalt millings, is merely advisory, does not have the force of law, and cannot override N.J.S.A. 13:1E-99.28a. This Court should also note that, following the 2018 adoption of N.J.S.A. 13:1E-99.28a, the New Jersey Department of Environmental Protection rescinded and removed from its website prior regulatory guidance that had restricted the use of recycled asphalt millings. *See* https://www.nj.gov/dep/dshw/rrtp/asphalt.htm

For these reasons, Plaintiff's Spill Act claim should be dismissed.

<u>Point V</u>

**<u>PLAINTIFF'S MOOT PRAYERS FOR RELIEF SHOULD BE DISMISSED</u>**

Defendants' initial motion papers argue that Plaintiff's claims to (1) "eject" Zariz from the Property (2) for an order directing Zariz to "vacate" the Property, (3) for an order barring

Defendants from performing oil changes at the Property, and (4) for an order "temporarily and preliminarily" enjoining Zariz from placing additional millings or bringing hazardous substances to the Property, are moot, because Defendants have vacated the Property.

Plaintiff has no substantive response to this argument. Instead, Plaintiff argues that none of its prayers for relief, however baseless as they may be, "impacts the cause of action in the Complaint or prejudice Defendants." This response is without merit.  A prayer for relief that is moot (and Plaintiff impliedly concedes that certain remedies are moot) is subject to dismissal on motion.  While a motion to strike is one vehicle to address an improper prayer for relief, a motion to dismiss is another. *See Furniture Solutions & Resources v. Symmetry Office, LLC,* 2015 WL 9302915 (E.D. Pa. Dec. 22, 2015) (on motion to dismiss, dismissing improper *ad damnum* clause requesting punitive damages); *Hector v. Blue Cross of Northeastern Pennsylvania*, 2016 WL 499039, at \*2 (M.D. Pa. Sep. 19, 2016) (on motion to dismiss, dismissing improper *ad damnum* clause requesting injunctive relief).

For these reasons, Plaintiff's moot prayers for relief should be dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendants' motion to dismiss should be granted.

Dated: New York, New York
       November 6, 2023

                      Respectfully submitted,

                      **A.Y. STRAUSS, LLC**

                      By: <u>/s/ David Salhanick</u>
                        David Salhanick, Esq.
                      *Attorneys for Defendants*
                      101 Eisenhower Parkway, Suite 412
                      Roseland, NJ 07068
                      (973) 425-5548