UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ZARIZ TRANSPORT, INC. and YAAKOV GUZEGUL,<br><br>　　　　　　　Defendants. | Civil Action No. 2:23-cv-02850-ES-AME |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF AND IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Michael J. Geraghty
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Plaintiff*
*Doremus Land 672, LLC*

**TABLE OF CONTENTS**

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS .................................................................................................3

ARGUMENT.......................................................................................................................3

POINT I ...............................................................................................................................3

PLAINTIFF HAS STANDING TO ASSERT ITS UNJUST ENRICHMENT AND NEGLIGENCE CLAIMS BECAUSE IT HAD EXCLUSIVE POSSESSION OF THE DOREMUS PROPERTY WHEN ZARIZ OCCUPIED THE PREMISES.......................3

CONCLUSION....................................................................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Daly v. Morgenthau*,
   No. 98-civ-3299 (LMM), 1998 U.S. Dist. LEXIS 19095 (S.D.N.Y. Dec. 9 1998) ...................................................................................................................................6

*Greenfield v. United States*,
   No. 16-cv-2837, 2016 U.S. Dist. LEXIS 186191 (D. Minn. Sept. 2, 2016)..............................6

*J & M Land Co. v. First Union Nat. Bank*,
   326 N.J. Super. 591 (App. Div. 1999), aff'd in part, rev'd on other grounds,
   166 N.J. 493 (2001) ..................................................................................................................4

*Pichler v. UNITE*,
   542 F.3d 380 (3d Cir. 2008)......................................................................................................7

*Sandyston v. Angerman*,
   134 N.J. Super. 448 (App. Div. 1975) ......................................................................................4

*Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation*,
   41 N.J. 405 (1964) ....................................................................................................................4

*Via Mat Int'l S. Am. Ltd. v. United States*,
   446 F.3d 1258 (11th Cir. 2006) ................................................................................................3

*Warth v. Seldin*,
   422 U.S. 490 (1975)..................................................................................................................6

*Zopfi v. Champlin City Council*,
   No. 04-5034, 2006 U.S. Dist. LEXIS 3924 (D. Minn. Jan. 16, 2006).......................................6

*Zopfi v. Champlin City Council & Staff*,
   No. 04-5034 (JRT/FLN), 2005 U.S. Dist. LEXIS 39826 (D. Minn. Dec. 2, 2005)……………6

**Statutes**

N.J.S.A. 20:3-19......................................................................................................................4, 5

**Other Authorities**

*Black's Law Dictionary* (11th ed. 2019)......................................................................................5

Fed. R. Civ. P. 12(b)(1)......................................................................................................3, 5, 7

Fed. R. Civ. P. 12(b)(6)..........................................................................................................7

1 *Powell on Real Property* §12.01 (2023) ..............................................................................4

Plaintiff Doremus Land 672, LLC ("Plaintiff" or "Doremus Land") submits this brief in response to the supplemental brief submitted by defendants Zariz Transport, Inc. ("Zariz") and Yaakov Guzelgul (collectively, "Defendants") [D.E. No. 31], as directed by the Court's Order dated May 8, 2024 [ECF No. 30], and in further opposition to Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. 12(b)(1).

## PRELIMINARY STATEMENT

By its May 8, 2024 Order, the Court requested Defendants to submit "a supplemental brief on the issue of standing, explaining how Defendant's arguments that the relevant contract is void go to Article III standing." In Defendants' brief, they have withdrawn their original motion, pursuant to Rule 12(b)(1), to the extent it seeks dismissal of Count One (breach of contract), Count Two (breach of covenant of good faith and fair dealing) and Six (declaratory judgment) of the Complaint. Accordingly, Defendants have limited their motion based on Plaintiff's lack of standing to only Count Three (unjust enrichment) and Count Five (negligence) of the Complaint. (See Defendants' Supplemental Brief ("Def. Supp. Br.") at 4, 5 n.1.)[1]

Although Defendants acknowledge that Plaintiff's contract claims may not be dismissed for alleged lack of standing, they instead use their supplemental brief to attempt to reargue that the Plaintiff lacks standing to bring unjust enrichment and negligence claims for the same reasons set forth in their moving brief. Defendants' argue that Plaintiff lacks standing because the Passaic Valley Sewerage Commissioners ("PVSC") filed in November 2021, a declaration of taking in its condemnation action seeking to take by its eminent domain powers the 11-acre property owned by Plaintiff in Newark, New Jersey ("Doremus Property").

---

[1] In their brief, Defendants advised the Court they have no grounds to argue for dismissal of the "contract-related" claims in the Complaint based on lack of standing. (Def. Supp. Br. at p. 5 n.1).

1

Defendants argue that Doremus lacks standing because it was not the title owner of the Doremus Property after the date on the which the declaration of taking was filed "and has not had a legal interest in the Doremus Property since 2021." Plaintiff need not reargue at length why Defendants' argument is wrong but it is undisputed that Doremus has had exclusive physical possession of the Doremus Property since 2021 and continues to have exclusive possession. Plaintiff demonstrated in its initial opposition brief that it is well-established that a party entitled to exclusive possession of real property has an "interest in land," which is sufficient to have standing to assert claims arising out possession of the premises.

Both the Superior Court and PVSC acknowledged that Doremus remained in lawful possession of the Doremus Property at all relevant times. In October 2021, the Superior Court issued a judgment, finding that the PVSC was entitled to exercise its eminent domain power but denied PVSC's application for possession of the Doremus Property. Although the PVSC filed the declaration of taking in November 2021, the Superior Court entered an order that "[t]he further implementation of the October 5 [2021] Judgment is hereby stayed pending further order of the Court." The stay order remains in full effect. As a result, Plaintiff has maintained exclusive possession of the Doremus Property since the condemnation action was commenced.

In April 2023, PVSC and the Plaintiff entered into a Settlement Agreement, which did not dispose of the pending condemnation action, and which permitted Plaintiff to maintain its exclusive possession of the Doremus Property for an additional 18 months. Based on its maintenance of exclusive possession of the Doremus Property, Plaintiff, as it had before the condemnation action, has continued at all times since the filing of the condemnation action to lease or license space in the property to third parties, collect rents or fees and pay property taxes. PVSC argued as recently as May 2023 that it does not have title to the Doremus Property as contemplated by the New Jersey Eminent Domain Act because it does not have possession.

Plaintiff has standing to assert all its claims. Accordingly, the Court should deny Defendants' motion pursuant to Rule 12(b)(1).

## STATEMENT OF FACTS

Doremus refers the Court to its statement of facts set forth in its brief in opposition to Defendants' motion to dismiss. (ECF No. 25 at pp. 3-11].[2]

## ARGUMENT

## POINT I

## PLAINTIFF HAS STANDING TO ASSERT ITS UNJUST ENRICHMENT AND NEGLIGENCE CLAIMS BECAUSE IT HAD EXCLUSIVE POSSESSION OF THE DOREMUS PROPERTY WHEN ZARIZ OCCUPIED THE PREMISES

In its supplemental brief, Defendants argue that Doremus did not suffer an injury-in-fact after the declaration of taking was filed in November 2021, and thus it has no standing to assert its unjust enrichment and negligence claims. (Supp. Br. at 4.) The sole basis for Defendants' argument is that Doremus did not own the Property after the declaration of taking was filed. In their supplemental brief, Defendants ignore the list of authorities to support the well-established rule that exclusive possession of property is a legal interest that is sufficient for Doremus to have standing to assert its claims.

Article III standing requires the existence of injury and not ownership. *See Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1262 (11th Cir. 2006). A party with a possessory interest in seized property will suffer financial harm where it is subject to liability of the owner of such property, *i.e.,* injury sufficient to confer standing under Article III. *Id*. at 1263. As demonstrated in Plaintiff's Statement of Facts and the applicable law discussed in Plaintiff's opposition brief, Doremus had full and exclusive possession of the Doremus Property when it entered into the License Agreement on February 22, 2022 and at all times during which Zariz

---

[2] Plaintiff uses the same defined terms herein as it used in Plaintiff's opposition brief and assigns the same meaning to such terms herein.

3

occupied a portion of the premises. Doremus' exclusive possession is indisputably a "legal interest" in the Doremus Property entitling it to have all rights associated with such legal interest including the leasing and licensing of the Licensed Premises.

Despite the PVSC's filing of the declaration of taking, the Court stayed the implementation of its October 5 Judgment by its Stay Order. Second, even the PVSC acknowledges that the result of the Superior Court's denial of its application for possession of the Doremus Property and the entry of the Stay Order. In its May 4, 2023 letter to the Superior Court after the Settlement Agreement went into effect on April 27, 2023, it stated: "Defendants' challenge to PVSC's authority to condemn the subject property is still in effect. As such, PVSC has not secured title." (Geraghty Dec. Ex. C at p. 5). Moreover, as set forth in the Eminent Domain Act and as argued by the PVSC, the PVSC's taking of the Doremus Property will not be is complete until it has taken title and possession of the condemned property. *See* N.J.S.A. 20:3-19.

In its initial opposition brief, Doremus cited the well-established rule that a party entitled to exclusive possession of real property has an "interest in land." *See* 1 *Powell on Real Property* §12.01 (2023) ("All present possessory interests in land, with the possible exception of a tenancy at sufferance, have always been designated, both by courts and by text writers, as estates."). *See e.g., J & M Land Co. v. First Union Nat. Bank*, 326 N.J. Super. 591, 598 (App. Div. 1999), aff'd in part, rev'd on other grounds, 166 N.J. 493 (2001) (the maintenance of billboards constitutes a possessory interest and not a limited use or enjoyment of the land)*; Thiokol Chem. Corp. v. Morris Cty. Bd. of Taxation*, 41 N.J. 405, 417 (1964) ("lease gives exclusive possession of the premises against all the world, including the owner…."); *Sandyston v. Angerman*, 134 N.J. Super. 448, 451 (App. Div. 1975) ("it is plain that the agreement granted to defendant the exclusive possession of the residence and the surrounding area" and thus "there can be no doubt

4

that the agreement is a lease"); *Den ex dem. Green v. Steelman*, 10 N.J.L. 193, 202 (Sup. Ct. 1828) ("a mere equitable interest cannot be sold on execution, but if connected with the possession of the land, the legal interest, of which the possession is evidence, may be sold."). *See generally Black's Law Dictionary* (11th ed. 2019)("possessory interest" defined as "the present right to control property, including the right to exclude others, by a person who is not necessarily the owner.").

In their reply brief, Defendants attempt to distinguish the application of these well established principles, arguing that Doremus is essentially a tenant at sufferance, *i.e.*, a holdover tenant or occupant possessing the Property without the Superior Court's and/or PVSC's permission. (Def. Reply Br. at 5 n. 2.) Defendants' argument is wholly undermined by the fact that not only does the PVSC acknowledge that the Court had not granted it possession of the Property, but he parties' Settlement Agreement dated April 17, 2023 confirmed that Doremus, which had exclusive possession of the Doremus Property at the time it entered into the License Agreement in February 2022, continued to have exclusive possession for an additional 548 days. (Salhanick Dec. Ex. 11, ¶ 2 ("Doremus shall deliver exclusive possession of the Subject Property to PVSC no later than 548 days from the date of this Agreement.")). Further demonstrating that the PVSC did not have exclusive possession of the Doremus Property as of February 2022 through today, PVSC has never sought an order for possession as provided under N.J.S.A. 20:3-19. That section makes clear that the property owner will only be deemed a "trespasser" if it refuses to turnover possession after the condemnor is entitled to possession and has paid the full amount of just compensation to the owner.

In its supplemental brief, Defendants' argument fares no better. They cite five cases for the proposition that a plaintiff must own property to have standing to assert claims arising out of the property. Each of the cases cited by Defendants are readily distinguishable. Moreover,

5

Defendants rely on quoted portions of each decision without disclosing to this Court the context in which the courts made their respective findings.

In *Greenfield v. United States,* No. 16-cv-2837 (PAM/LIB), 2016 U.S. Dist. LEXIS 186191, *4 (D. Minn. Sept. 2, 2016), the plaintiff, who owed income tax to the IRS, attempted to prevent the government from auctioning property formerly owned by the plaintiff that was foreclosed by the mortgagee and redeemed by the government. The Court denied the application, finding that when the plaintiff "failed to redeem within the statutory redemption period, he lost any ownership interest in the Property.").[3] In *Daly v. Morgenthau*, No. 98-civ-3299 (LMM), 1998 U.S. Dist. LEXIS 19095, *1 (S.D.N.Y. Dec. 9 1998), the plaintiff sought to compel release of a mortgage lien on his friend's property given to a local district attorney as security for plaintiff's bail in connection with criminal prosecution. Plaintiff alleged that the district attorney improperly refused to release this mortgage lien despite plaintiff's acquittal on the criminal charges. The Court dismissed the complaint, finding that the plaintiff lacked standing to assert his claims because the property encumbered to secure his bail was not owned by him.

In *Warth v. Seldin*, 422 U.S. 490 (1975), various organizations and individuals brought an action against the town of Penfield, New York and its zoning, planning and town boards challenging a zoning ordinance on the alleged grounds that it effectively precluded persons of low and moderate income from residing in the town. The Supreme Court affirmed the dismissal of the action, finding that none of the petitioners resided in the town and were not subject to the

---

[3] Defendants cite *Zopfi v. Champlin City Council* , No. 04-5034 (JRT/FLN), 2006 U.S. Dist. LEXIS 3924, *1  (D. Minn. Jan. 16, 2006), but that decision does not contain the language quoted by Defendants in its brief. Rather the court adopted the Magistrate Judge's Report and Recommendation ("Report"), granting summary judgment dismissing the complaint. There, the plaintiff brought an action on behalf of a group of homeowners who were allegedly deprived a certain access road but the plaintiff did not own any of the impacted properties. Rather, his mother owned a property but she was not a plaintiff. *See Zopfi v. Champlin City Council & Staff,* No. 04-5034 (JRT/FLN), 2005 U.S. Dist. LEXIS 39826, *7 (D. Minn. Dec. 2, 2005).

ordinance. As a result, the Court determined they had no standing to challenge the ordinance. *Id*. at 504. Likewise in *Pichler v. UNITE*, 542 F.3d 380 (3d Cir. 2008), employees of a corporation asserted a labor union violated the federal Driver's Privacy Protection Act ("DPPA") when it accessed the motor vehicle records of the corporation's employees for an improper labor-organizing purpose. The court found that certain members of a class action who were not the registered owners of the vehicles about which the union obtained information, they suffered no invasion of an interest that the DPPA protects, and they lacked standing to sue. *Id*. at 391-92.

None of the five cases relied upon by Defendants support its argument that a plaintiff must own property to have standing to assert claims arising out of the property. None of the cases cited by Defendants involve a plaintiff that had a possessory interest in the subject property as does Doremus in the Doremus Property.

## CONCLUSION

For the foregoing reasons, plaintiff Doremus Land 672, LLC respectfully requests that the Court deny Defendants' motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), in its entirety.

Dated: June 14, 2024

                                            Respectfully submitted,

                                            SILLS CUMMIS & GROSS, P.C.
                                            *Attorneys for Plaintiff*

                                            By:   */s/ Michael J. Geraghty*
                                                   MICHAEL J. GERAGHTY