David Salhanick, Esq. (admitted *pro hac vice*)
Eric H. Horn, Esq. (NJ No. 003822005)
**A.Y. STRAUSS LLC**
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel.: (973) 287-0966
dsalhanick@aystrauss.com
*Attorneys for Defendants, Zariz Transport, Inc.*
*and Yaakov Guzegul*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>          *Plaintiff*,<br><br>v.<br><br>ZARIZ TRANSPORT, INC., et al.,<br><br>          *Defendants*. | Civil Action No. 23-02850-ES-AME |

### CERTIFICATION OF DAVID SALHANICK IN SUPPORT OF
### MOTION TO WITHDRAW AS COUNSEL

I, David Salhanick, Esq., of full age, hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey and am counsel to A.Y. Strauss, LLC (the "Firm"), attorneys of record for defendants Zariz Transport Inc. ("Zariz") and Yaakov Guzelgul ("Guzelgul," misnamed in the complaint as "Guzegul," and collectively, "Defendants") om the above-captioned matter (the "Action"). I am familiar with the facts and circumstances herein.

2. I make this certification in support of the Firm's and its attorneys' motion pursuant to Local Civil Rule 102.1 to withdraw as counsel for Defendants.

3. On or about May 22, 2023, Defendants retained the law firm of A.Y. Strauss, LLC, to provide them with legal services in connection with this Action.

4. On May 1, 2023, Doremus Land 672, LLC ("Plaintiff") filed an action against Defendants in the Superior Court of New Jersey, County of Essex, Law Division, bearing docket number ESX-L-2789-23, asserting claims for breach of contract, breach of good faith and fair dealing, unjust enrichment, violation of the New Jersey Spill Compensation and Control Act, negligence, amongst others. These claims purportedly arise out of an agreement between Plaintiff and Defendants to license a commercial parking lot located in Newark, New Jersey.

5. This Action was removed to the United States District Court for the District of New Jersey by way of a Notice of Removal dated May 25, 2023, from the Superior Court of New Jersey, County of Essex, Law Division. (ECF Dkt. 1). Plaintiff did not challenge removal of this Action.

6. Since the Action was removed, the parties have merely engaged in limited motion practice, consisting primarily of Defendants' motion to dismiss and opposition thereto. (ECF Dkts. 19 and 25).

7. On May 8, 2024, the Court administratively terminated Defendants' motion to dismiss, pending the parties' filing of supplemental briefing regarding the issue of standing. (ECF Dkt. 30).

8. Further, pursuant to the Court's May 9, 2024 Order, Defendants filed their supplemental brief on May 30, 2024. (ECF Dkt. 31). Plaintiff filed opposition to Defendants' supplemental brief on June 14, 2024. (ECF Dkt. 32).

9. There are no other motions presently returnable before the Court.

A. **Applicable Law and Rules**

10. Pursuant to Local Civil Rule 102.1, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court."

11. "Rule 1.16 of the New Jersey Rules of Professional Conduct (the "RPC") governs a motion to withdrawal as counsel." *Allstate New Jersey Ins. Co. v. Carabasi*, 2023 WL 2998455 at *13 (App. Div. Apr. 19, 2023) (citing *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 424 (D.N.J. 1993)).

12. RPC 1.16 provides various grounds under which a lawyer may or must withdraw from representing a client. Specifically, under RPC 1.16(b)(5), "a lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." A lawyer may also withdraw from representation under RPC 1.16(b)(6) if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

13. A client's failure to pay legal fees pursuant to its agreement with counsel provides sufficient grounds for withdrawal under RPC 1.16(b)(5) and (6). *See TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, 2014 WL 12616940 at *2 (D.N.J. Nov. 6, 2014) (finding counsel's withdrawal was appropriate under RPC 1.16(b)(5) and (6) because the client failed to pay agreed-upon legal bills); *see also United States ex rel. Cherry Hill Convention Ctr. v. Health Care Rehab Sys., Inc.,* 994 F. Supp. 244, 253 (D.N.J. 1997) (granting counsel's motion to withdraw as counsel because of an ongoing fee dispute with its client); *Jacobs v. Pendel*, 236 A.2d 888, 890 (App. Div. 1967) ("Justifiable cause for an attorney's withdrawal includes the failure or refusal of a client to

pay or secure the proper fees or expenses of the attorney after being seasonably requested to do so.").

14. Additionally, RPC 1.16(b)(7) permits an attorney to withdraw from representation when "other good cause for withdrawal exists." Good cause exists where the client has failed to pay its legal fees. *See Sabinsa Corp. v. Prakruti Prods. Pvt. Ltd.*, 2023 WL 5487444 at *2 (D.N.J. Aug. 24, 2023) (counsel provided sufficient evidence of good cause where his engagement with the client was terminated, making it unlikely that his unpaid invoices would be paid); *Miles v. Twp. of Barnegat*, 2007 WL 9809167 at *1 (D.N.J. March 29, 2007) (finding good cause for withdrawal where there was a dispute between counsel and client regarding fees due and owing).

B. **The Firm Has Ample Grounds Supporting its Withdrawal as Counsel**

15. As part of the Firm's representation of Defendants, Defendants agreed and are obligated to remunerate the firm for its legal services, which include the fees and reasonable costs incurred in defending this Action.

16. Despite performing numerous tasks and providing legal services at the request of Defendants, Defendants have failed to pay their bills for legal services in this pending matter. To date, Defendants owe the Firm at least $10,006.70 in unpaid legal fees and costs, which continue to accrue and increase.

17. The Firm has delivered monthly invoices to Defendants for legal services rendered. Despite this, the Firm has not received proper payment of any monthly invoice *in over seven months.*

18. Defendants' inability to remit payment for past accrued and future bills is particularly concerning considering the additional significant fees and costs Defendants are expected to incur in the future administration of this Action, which may include extensive motion practice, discovery, and handling a trial if one is needed.

19. Defendants' failure to remit payment has and will continue to make prosecution of their defenses insurmountably difficult for the Firm to pursue.

20. On May 29, 2024, Defendants were advised that its current bill must be paid in full and that failure to do so would result in a motion to withdraw as counsel being filed. Defendants have yet to respond or to otherwise communicate with the Firm regarding the outstanding fees.

21. Given the current posture of this Action, with no imminent trial date and no discovery outstanding, Defendants will not be unduly prejudiced if this motion is granted. They will have ample opportunity to retain substitute counsel if they decide to do so. *See Weiss v. Richter Org.*, 2018 WL 2324684 at *8 (App. Div. May 23, 2018) (upholding trial court's decision to grant plaintiff's counsel's motion to withdraw in part because the plaintiff would not suffer an adverse effect as no trial date had been scheduled and there was reasonable period of time in which plaintiff could hire replacement counsel).

22. On the contrary, the Firm will face substantial financial hardship if it is forced to continue representing Defendants without renumeration for all prior and future work. Moreover, Defendants' failure to pay the Firm has rendered such representation unreasonably difficult. *See TBI Unlimited*, 2014 WL 12616940 at *2; *Cherry Hill Convention Ctr.*, 994 F. Supp. At 253; *Jacobs*, 236 A.2d at 890.

23. The Firm's decision to be relieved as counsel is consistent with all ethical and legal requirements to which members of the New Jersey bar are bound.

24. Indeed, RPC 1.16(b)(5), (6), and (7) all support withdrawal of counsel from representation in cases like the instant, where a client has failed to pay legal fees pursuant to its agreement with counsel.

25. For the foregoing reasons, the Firm and its attorneys respectfully request that they be permitted to withdraw as counsel for Defendants.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 17, 2024
      Livingston, New Jersey

                Respectfully submitted,

                **A.Y. STRAUSS LLC**

                *David Salhanick*
                David Salhanick, Esq.
                Eric H. Horn, Esq.
                290 West Mount Pleasant Avenue, Suite 3260
                Livingston, New Jersey 07039
                Tel.: (973) 287-0966
                dsalhanick@aystrauss.com

                *Attorneys for Defendants, Zariz Transport, Inc.*
                *and Yaakov Guzegul*