

290 West Mount Pleasant Avenue, Suite 3260　|　535 Fifth Avenue, 4th Floor
Livingston, NJ 07039　　　　　　　　　　　　|　New York, NY 10017
(973) 287-0966　　　　　　　　　　　　　　 |　(646) 374-0255

**David Salhanick, Esq.**
dsalhanick@aystrauss.com | 973-425-5548 (NJ)

June 27, 2024

**Via ECF**
Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
M.L. King Federal Courthouse
50 Walnut Street
Newark, NJ 07102

       Re: *Doremus Land 672 LLC v. Zariz Transport, Inc. et al.*
         Civil Action No. 2:23-cv-02850-ES-AME
         Motion Returnable: July 15, 2024

Dear Judge Salas:

  This firm represents defendants Zariz Transport Inc. and Yaakov Guzelgul ("Defendants") in this action. We write to address yesterday's letter from Plaintiff's counsel, Michael J. Geraghty, Esq., regarding Defendants' motion to dismiss. *See* ECF No. 35.

  Plaintiff's letter is largely a thinly-disguised attempt to advance unripe arguments in opposition to Defendants' motion to dismiss. Plaintiff dedicates five paragraphs of its letter to an unfiled, unattached, purported "Consent Judgment" between itself and the Passaic Valley Sewerage Commission. Plaintiff freely admits that "until the Superior Court enters the Consent Judgment, we are unable to supplement our previously filed opposition papers with the Judgment. To that extent, we further acknowledge that this information will not be included in the record." ECF No. 35 at 2. Nonetheless, and notwithstanding its admission that the unfiled Consent Judgment is not yet relevant, Plaintiff's letter details the terms of the Consent Judgment and states that Plaintiff will seek leave (although it is not now seeking leave) to introduce the Consent Judgment to oppose the motion *if* it is entered by the Superior Court.

  There is no reason for Plaintiff to describe a document that is not yet pertinent to the motion, other than to improperly influence the Court's perception of the motion. Should the Consent Judgment be entered by the Superior Court before this Court decides the motion, Plaintiff can then seek leave to supplement its opposition. Until that happens, Plaintiff's theorized assertions about the implications of the Consent Judgment should be disregarded.[1]

---

[1] To be clear, even if the Consent Judgment is entered, it will not strengthen Plaintiff's opposition. *See* ECF No. 27 at 5-6 (noting that PVSC's election not to evict Plaintiff for a period of time does not amount to a license or bestow a legal interest).

**Relationships First.**

Honorable Esther Salas, U.S.D.J.<br>
June 27, 2024<br>
Page 2

We thank the Court for its attention to this matter.

                                                Sincerely,

                                                /s/David Salhanick

                                                David S. Salhanick

cc: All Counsel of Record (via ECF)

