# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Michael J. Geraghty**
**Direct Dial: 973-643-5548**
**Email: mgeraghty@sillscummis.com**

December 27, 2024

**Via ECF**

Magistrate Judge André M. Espinosa
United States District Court
District of New Jersey
Martin Luther King, Jr. Building
50 Walnut Street
Newark, NJ 07102

      Re:   *Doremus Land 672 LLC v. Zariz Transport, Inc. et al.*
              Civil Action No. 2:23-cv-02850-ES-AME

Dear Judge Espinosa:

    On behalf of plaintiff Doremus Land 672 LLC ("Plaintiff"), we submit this status letter in response to the Court's Order dated October 2, 2024 [ECF Doc. No. 42].

    As we did with our status letter to the Court dated October 1, 2024 [D.E. No. 41], we submit this letter without the consent of defendant Zariz Transport, Inc. ("Zariz") and Yaakov Guzelgul[1] because Judge Salas granted Defendants' counsel leave to withdraw as counsel by Order dated September 9, 2024 ("September 9 Order") and no new counsel has appeared on behalf of Defendants. [D.E. No. 39].

    The September 9 Order required Zariz and Mr. Guzelgul in relevant part:

> **ORDERED** that if Defendant Yaakov Guzegul wishes to proceed pro se, he or she shall file a letter to that effect. If no attorney has entered an appearance on his or her behalf within thirty days from the date of this Order, Defendant Yaakov

---

[1] In the Complaint, defendant Yaakov Guzelgul's last name was apparently misspelled according to Mr. Guzelgul's declaration filed in this action on September 18, 2023 [D.E. No. 19-18]. Out of respect for Mr. Guzelgul, we identify him with the spelling espoused by him and not as set forth in the Complaint.

Sills Cummis & Gross
A Professional Corporation

Magistrate Judge André M. Espinosa
December 27, 2024
Page 2

Guzegul shall be deemed to be proceeding as a pro se litigant, including in the absence of a letter from him or her on this question; and it is further

**ORDERED** that because a corporation must be represented by counsel, Defendant Zariz Transport, Inc. must have substitute counsel enter an appearance on its behalf within thirty days from the date of this Order, and failure to do so may result in the Clerk's entry of default against them pursuant to Federal Rule of Civil Procedure 55(a) …. [D.E. No. 39].

When Defendants' counsel was permitted to withdraw, Defendants' motion to dismiss the Complaint (D.E. No. 25] was pending. That motion was initially returnable initially on November 13, 2023. In the meantime, pursuant to the Court's October 2, 2024 Order, the Court carried the Rule 16 conference until further order, and discovery remains in in abeyance pending a decision on Defendants' motion to dismiss.

By Order dated May 8, 2024, Judge Salas directed the parties to submit supplemental briefs on the issue of standing concerning the motion to dismiss and also directed Defendants to re-file their motion to dismiss as a new notice of motion after June 14, 2024, which they did. [D. E. No. 34]. The renewed motion was returnable on July 15, 2024 [D. E. No. 30] and remains pending.

Defendants' counsel filed a Certificate of Service on September 11, 2024, stating that it served the Defendants with a copy of the September 9 Order as directed by the Court. [D.E. 40]. Since the Defendants were served with the September 9 Order, no counsel has appeared on behalf of Zariz and Mr. Guzelgul has not communicated with the Court or our firm as plaintiff's counsel as required by the September 9 Order.

Based on Defendants' failure to comply with the September 9 Order, Plaintiff respectfully submits that the Defendants should be subject to sanctions including the striking of their motion to dismiss and the entry of default against them. *See* FED.R.CIV.P. 37(b)(2), 41(b) (authorizing the court to impose sanctions for failure to obey court orders and/or prosecute a case). Where such failures have occurred, the striking of a defendant's answer or other response to a complaint may be an appropriate penalty subject to a review of the factors set forth in *Poulis v. State Farm Casualty Co.,* 747 F.2d, 863, 868 (3d Cir. 1984). *See W. Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, Civil Action No. 21-17662 (GC)2024 U.S. Dist. LEXIS 145139, *3 (D.N.J. Apr. 15, 2024) (Magistrate Judge recommended dismissal of third-party complaint for failure to retain new counsel); *Baymont Franchise Sys., Inc. v. SB Hosp. Palm Springs*, Civil Action No. 19-6954 (ES) (MAH), 2024 U.S. Dist. LEXIS 181851, *13-14 (Sept. 11, 2024) (Magistrate Judge recommended striking an answer and counterclaim and entering default based on defendant's failure to retain new counsel); *Green Star Energy Sols., LLC v. Newark Warehouse Urb. Renewal, LLC*, Civil Action No. 21-18267 (EP) (JSA), 2024 U.S. Dist. LEXIS 105384, *6 (May 24, 2024) (Magistrate Judge recommended dismissal of second amended complaint for failure to retain new counsel).

Sills Cummis & Gross
A Professional Corporation

Magistrate Judge André M. Espinosa
December 27, 2024
Page 3

      Before Your Honor recommends the imposition of sanctions, Plaintiff acknowledges that the Court may find it appropriate order the Defendants to appear in person before Your Honor as Your Honor did in *Tenny Journal Commc'ns, Inc. v. Verizon New Jersey Inc.,* Civil Action No. 19-19183-JXN-AME, 2022 U.S. Dist. LEXIS 235314, *4 (Dec. 19, 2022) (After the plaintiff failed to retain new counsel, the Court scheduled a conference and warned the plaintiff beforehand that if it failed to retain new counsel by the date of the conference, the defendant would be permitted relief based on the plaintiff's failure to abide by the Court's order). *See also Green Star*, 2024 U.S. Dist. LEXIS 105384, *6 ("After Plaintiff failed to appear by counsel or contact the Court to request an extension of time to comply with the Order, the Undersigned issued the Order to Show Cause, directing Plaintiff to show cause on or before April 15, 2024 why the Second Amended Complaint should not be dismissed for failure to prosecute ...").

      We shall await the Court's ruling in this regard.

      Respectfully,

*Michael J. Geraghty*
MICHAEL J. GERAGHTY

MJG/adp