Michael J. Geraghty, Esq. (NJ No. 026161987)
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOREMUS LAND 672, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZARIZ TRANSPORT, INC. and YAAKOV GUZEGUL,<br><br>Defendants. | Civil Action No. 2:23-cv-02850-ES-AME<br><br>**DECLARATION OF MICHAEL J. GERAGHTY, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

MICHAEL J. GERAGHTY, hereby declares as follows:

1. I am an attorney-at-law of the State of New Jersey and lead attorney of record for Sills Cummis & Gross P.C. (the "Firm"), attorneys for plaintiff Doremus Land 672, LLC ("Plaintiff") in this action ("Action"). As such, I am familiar with the matters set forth herein.

2. I make this Declaration in support of the motion brought by the Firm, pursuant to Local Civil Rule 102.1, for an Order granting the Firm's motion for leave to withdraw as attorneys of record for Plaintiff including permitting Michael J. Geraghty, Esq. and Morgan H. Durr, Esq., to withdraw their respective appearances as the attorneys for the Firm who appeared in this Action as "Lead Attorneys to be Noticed" for Plaintiff.

**A.   A Summary of This Action and the Procedural History**

3. On May 1, 2023, the Firm filed a Complaint on behalf of Plaintiff against Defendants Zariz Transport, Inc. and Yaakov Guzegul in the Superior Court of New Jersey,

County of Essex, Law Division, bearing docket number ESX-L-2789-23. In its Complaint, Plaintiff asserted causes of action for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, violation of the New Jersey Spill Compensation and Control Act and negligence. The claims arose out of an agreement between Plaintiff and Defendant Zariz Transport, Inc. to license a commercial parking lot located in Newark, New Jersey.

4. The Defendants removed the Action from the Superior Court of New Jersey, County of Essex, Law Division to the United States District Court for the District of New Jersey by their Notice of Removal dated May 25, 2023. (D.E. No. 1).

5. On October 19, 2023, Defendants filed a motion to dismiss the Complaint. (D.E. No. 19). Plaintiff filed papers in opposition to Defendants' motion to dismiss. (D.E. No. 25).

6. By Order dated December 27, 2023, the Rule 16 conference was continued by Magistrate Judge Espinosa until Defendants' motion to dismiss was decided. (D.E. No. 28). The Court extended the continuance of the Rule 16 conference by its Order dated July 11, 2024. (D. E. No. 38).

7. On May 8, 2024, this Court administratively terminated Defendants' motion to dismiss, pending the parties' filing of supplemental briefing regarding the issue of standing and directed Defendants to re-file their motion to dismiss as a new notice of motion after June 14, 2024. (D. E. No. 30).

8. Pursuant to the Court's May 9, 2024 Order, Defendants filed their supplemental brief on May 30, 2024. (D.E. No. 31). Plaintiff filed an opposition brief to Defendants' supplemental brief on June 14, 2024. (D.E. No. 32). Defendants refiled their motion to dismiss and the renewed motion was returnable on July 15, 2024 (D. E. No. 34).

9. On June 17, 2024, Defendants' counsel filed a motion to withdraw as counsel. (D.E. 33).

10. By Order dated September 9, 2024, the Court granted Defendants' counsel leave to withdraw as counsel (D.E. No. 39). The September 9, 2024 Order provided in relevant part:

> **ORDERED** that if Defendant Yaakov Guzegul wishes to proceed pro se, he or she shall file a letter to that effect. If no attorney has entered an appearance on his or her behalf within thirty days from the date of this Order, Defendant Yaakov Guzegul shall be deemed to be proceeding as a pro se litigant, including in the absence of a letter from him or her on this question; and it is further
>
> **ORDERED** that because a corporation must be represented by counsel, Defendant Zariz Transport, Inc. must have substitute counsel enter an appearance on its behalf within thirty days from the date of this Order, and failure to do so may result in the Clerk's entry of default against them pursuant to Federal Rule of Civil Procedure 55(a) …. [D.E. No. 39].

11. No new counsel has appeared in the Action on behalf of Defendant Zariz Transport, Inc. or Mr. Guzegul. Nor did Mr. Guzugel advise the Court by letter that he intended to represent himself in the Action.

12. By letter dated December 27, 2024, Plaintiff provided the Court with a status report as directed by the Court's Order dated October 2, 2024 (ECF Doc. No. 42). By its December 27, 2024 letter, Plaintiff requested that the Court sanction Defendants for their failure to comply with the Court's September 9, 2024 Order, including the striking of Defendants' motion to dismiss and the entry of default against them. (*Id.*).

13. In response to Plaintiff's letter to the Court dated December 27, 2024, by Text Order dated February 26, 2025, Magistrate Judge Espinosa scheduled an in-person status conference with the parties on March 18, 2025 (D.E. No. 44). In accordance with the February 26, 2025 Text Order, I sent via Federal Express a copy of the February 26, 2025 Order to Defendants at the same addresses identified in my Certificate of Service annexed to the Firm's Notice of

Motion to Withdraw As Counsel.

14. By Text Order dated March 7, 2025, the Court administratively terminated Defendants' motion to dismiss pending the outcome of the status conference scheduled on March 18, 2025. (D.E. No. 45).

15. Other than the conference scheduled on March 18, 2025, there is no pending discovery deadlines, motion dates, trial date or other deadlines.

**B.   Sills Cummis' Representation of Plaintiff to Date**

16. The Firm has represented Plaintiff in multiple matters since in or about August 2021. In March 2023, the Firm was engaged by Plaintiff to prepare and file a Complaint against the Defendants. The Firm filed the Complaint on May 1, 2023.

17. Since it was engaged to represent Plaintiff, the Firm has undertaken substantial work in this matter on behalf of Plaintiff including, among other services, the preparation and filing of (i) the Complaint; (ii) a brief and declarations in opposition to Defendants' motion to dismiss; (iii) a brief and related correspondence in opposition to Defendants' supplemental brief; and (iv) multiple correspondence to the Court including four status reports on April 1, 2024, July 1, 2024, October 1, 2024 and December 27, 2024.

18. Pursuant to its engagement agreement with the Firm, Plaintiff agreed and is obligated to remunerate the Firm for its legal services, including the Firm's fees and reasonable disbursements incurred in prosecuting the Action. The Firm has billed Plaintiff monthly for services it provided in the previous billing period and Plaintiff agreed that it would pay the Firm's invoices within 30 days of receipt.

C.     **The Firm Has Justifiable Grounds To Support Its Motion to Withdraw**

19.     The Firm seeks to withdraw as counsel for Plaintiff based primarily on a fundamental disagreement with Plaintiff regarding the Firm's representation of Plaintiff, the prosecution of this Action and the Firm's charges for its services. As a result of the parties' disagreement, Plaintiff has advised it does not wish the Firm to continue its representation in this Action and that it will not communicate further with the Firm.

20.     The Firm attempted in writing with Plaintiff to resolve the disagreement, but it has not been successful in reaching a resolution with Plaintiff. As a result, the Firm and Plaintiff, as its client, have irreconcilable differences that have irreparably deteriorated the parties' attorney-client relationship.

21.     The Firm's further disclosure of the nature of the Firm's disagreement and its communications with Plaintiff will require the Firm to reveal information protected from disclosure by the attorney-client privilege. The Firm is prepared, if requested by the Court, to address the nature of the Firm's disagreement and the basis for the parties' irreconcilable differences to the Court *in camera*.

22.     Based on the breakdown of the Firm's attorney-client relationship with Plaintiff, on March 5, 2025, the Firm notified Plaintiff in writing that it intended to file a motion to withdraw as its counsel in this Action. The Firm suggested that Plaintiff engage new counsel to substitute for the Firm in this Action. To date, no new counsel has advised the Firm that it has been engaged to substitute for the Firm in this Action.

23.     In addition to its fundamental disagreement with Plaintiff, the Plaintiff has failed to pay the Firm a substantial sum of money due and owing for previously rendered services. The Firm has billed Plaintiff for fees and disbursements for work performed and expenses incurred in

prosecuting the Action and other matters in which it has represented Plaintiff. Despite the Firm's performance of legal services at Plaintiff's request, Plaintiff has failed to pay the Firm's invoices for legal services since August 2024. To date, Plaintiff owes the Firm at least $40,308.60 in unpaid legal fees and disbursements for services in connection with the Action and other matters.

24. Plaintiff has notified the Firm that it is unwilling to make any additional payments to the Firm towards the outstanding fees or any future legal fees. Given Plaintiff's unwillingness to pay for past accrued and future invoices for the Firm's legal services, a financial hardship will be placed on the Firm if it is required to perform additional legal services without payment.

25. The foregoing actions by Plaintiff has created an untenable relationship of distrust between Plaintiff and the Firm. More significantly, the interests of Plaintiff and the Firm are now in direct conflict. Consequently, the Firm's ability to represent Plaintiff consistent with its obligations under the Rules of Professional Conduct has been compromised and the Firm is unable to effectively represent Plaintiff's interests in this Action.

26. For the foregoing reasons and those set forth in its accompanying letter brief, the Firm respectfully requests that its motion for leave to withdraw as Plaintiff's counsel in this Action be granted and that proposed form of Order submitted herewith be entered.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 13, 2025

*/s/ Michael J. Geraghty*
MICHAEL J. GERAGHTY