Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOREMUS LAND 672, LLC,**<br><br>                **Plaintiff,**<br><br>     v.<br><br>**ZARIZ TRANSPORT, INC, et al.**<br><br>                **Defendants.** | Civil Action No.: 2:23-02850 (ES) (AME)<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

      This comes before the Court, *sua sponte*, in connection with Plaintiff Doremus Land 672, LLC's ongoing failure to comply with the Hon. Andre M. Espinosa, U.S.M.J.'s April 17, 2025 Order, (D.E. No. 52), or otherwise prosecute this matter; and it appearing:

      1.     Plaintiff commenced this matter on May 1, 2023, filing a complaint against Defendants Zariz Transport, Inc. and Yaakov Guzegul in the Superior Court of New Jersey. (D.E. No. 1 at 7–26 (ECF pagination) ("Complaint")). The firm Sills Cummis & Gross P.C. ("Sills Cummis") served as Plaintiff's counsel at the time. (*Id.*). Defendants removed the case to the United States District Court for the District of New Jersey on May 25, 2023. (D.E. No. 1).

      2.     Plaintiff is a limited liability company organized under New Jersey law. (Complaint ¶ 1).

      3.     On March 13, 2025, Sills Cummis filed a motion seeking leave to withdraw as Plaintiff's counsel. (D.E. No. 46). Judge Espinosa conducted a telephonic hearing on that motion on April 16, 2025.

4. By Order dated April 17, 2025, Judge Espinosa granted Sills Cummis leave to withdraw. (D.E. No. 52). His Honor specified: "the Court wishes to make clear that Plaintiff Doremus Land 672, LLC is a limited liability company and may therefore appear in federal court only through licensed counsel." (*Id.* (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012); *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996)). Judge Espinosa therefore stayed the case through May 30, 2025, finding that such a stay would afford Plaintiff "ample time to seek counsel without unduly delaying the progress of this case, especially because the record reflects that [Sills Cummis] provided Plaintiff with notice of the Firm's motion to withdraw on March 13, 2025." (*Id.* at 4). Judge Espinosa explicitly cautioned: "if no attorney enters an appearance on Plaintiff's behalf by May 30, 2025, the Court may enter an Order directing the parties to show cause why this case should not be dismissed for failure to prosecute." (*Id.* at 5).

5. Sills Cummis represented that, on May 6, 2025, it served Judge Espinosa's Order on Plaintiff by sending copies to Plaintiff's "registered agent listed in the records on file with the NJ Department of the Treasury, Division of Revenue & Enterprise Services" via both regular U.S. Mail and "Federal Express." (D.E. No. 53).[1]

6. As Judge Espinosa noted, the Plaintiff is an entity, and therefore must be represented by counsel. *Ready Pac Produce, Inc. v. G.P. Borak Enters.*, LLC, No. 07–3402, 2008

---

[1] The Court notes that Judge Espinosa conditioned Sills Cummis's withdrawal on the firm serving His Honor's April 17, 2025 Order on Plaintiff by both "overnight and regular mail." (D.E. No. 52 at 5). Sills Cummis's withdrawal therefore became effective on May 6, 2025. While Sills Cummis did not serve Plaintiff with a copy of the Order "within three business days" as Judge Espinosa directed, (*id.*), the firm's delay did not prejudice Plaintiff. Judge Espinosa intended to give Plaintiff approximately 45 days to retain replacement counsel. Even accounting for the firm's short delay, Plaintiff has now had more than 190 days to take action.

WL 11509905, at *2 (D.N.J. May 23, 2008) (citing *Rowland*, 506 U.S. at 202); *see also Dougherty*, 469 F. App'x at 72 (3d Cir. 2012); *Cocivera*, 104 F.3d at 572.

7. To date, no counsel has appeared on Plaintiff's behalf. Plaintiff has never requested additional time to locate replacement counsel, nor has Plaintiff otherwise contacted the Court or taken any other steps to prosecute this action since its counsel withdrew.

8. It appears that Plaintiff has abandoned the case, and that the Court has no alternative but to dismiss Plaintiff's claims as a sanction for its noncompliance with Judge Espinosa's April 17, 2025 Order and ongoing failure to prosecute.

9. Before doing so, the Court must analyze the six factors that the United States Court of Appeals for the Third Circuit laid out in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Those factors include:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* (emphases in original). Not all factors need to be satisfied to justify dismissal, and no single factor is dispositive. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

10. As to the first *Poulis* factor, the Court finds that Plaintiff itself bears responsibility for its failure to (1) retain replacement counsel; and (2) otherwise participate in this action following Judge Espinosa's April 17, 2025 Order. Sills Cummis served copies of that Order on Plaintiff's registered agent, and thus Plaintiff bears sole responsibility for its dilatory conduct.

11. Regarding the second *Poulis* factor, the Court finds that Plaintiff's ongoing failure to retain replacement counsel and participate in this action has prejudiced Defendants by leaving them unable to move forward with this matter.

12. Regarding the third factor, the Court finds that Plaintiff's lengthy period of delay—over 190 days since service of Judge Espinosa's April 17, 2025 Order—bespeaks an obvious history of dilatory behavior.

13. As to the fourth *Poulis* factor, the Court finds that Plaintiff's failure to retain replacement counsel and subsequent abandonment of its claims can only be willful. Plaintiff commenced this litigation and is obviously aware of its existence. It has, nevertheless, disregarded Judge Espinosa's April 17, 2025 Order and thereafter failed to take any action to prosecute its claims for several months.

14. The Court must next examine whether any sanctions short of dismissal would be effective in causing Plaintiff to retain replacement counsel and prosecute its claims. While the Court strongly suspects that no lesser sanctions will suffice, the Court will nevertheless supplement the record on this point by giving Plaintiff one **final** chance to retain counsel and move this action forward. **The Court stresses that, if replacement counsel does not enter an appearance on Plaintiff's behalf on or before December 12, 2025, the Court will be satisfied that no sanction short of dismissal would be effective**.

15. Finally, the Court considers the sixth *Poulis* factor: whether Plaintiff has asserted a meritorious claim. This factor is currently neutral. The Court notes that Defendants previously filed a motion to dismiss Plaintiff's claims, (D.E. No. 34), which the Court administratively terminated in light of issues regarding Defendant Zariz Transport, Inc.'s own failure to retain replacement counsel. (D.E. Nos. 43–44). Plaintiff's counsel subsequently withdrew, and the

4

Court has, therefore, not yet had an opportunity to address Defendants' motion. Even if the Court were to assume, without finding, and for the purposes of this analysis *only*, that Plaintiff's claims had facial merit, the bulk of the *Poulis* factors would still weigh in favor of dismissal.

Accordingly, **IT IS** on this 13th day of November, 2025,

**ORDERED** that the Court will give Plaintiff one final opportunity to retain replacement counsel and resume its prosecution of this matter. If replacement counsel does not enter an appearance on Plaintiff's behalf **on or before December 12, 2025**, the Court will be satisfied that no sanction short of dismissal would be effective to ensure Plaintiff's participation, and that the fifth *Poulis* factor weighs in favor of dismissal; and it is further

**ORDERED** that, as the Court has already found that the bulk of the other *Poulis* factors weigh in favor of dismissal, it will dismiss Plaintiff's claims without further warning if Plaintiff does not have replacement counsel enter an appearance on its behalf as directed herein; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this order to Plaintiff's registered agent, via regular mail, at the following address:

> Dana Poggioli
> 888 Doremus Avenue
> Newark, New Jersey 07114

                                            **SO ORDERED**.

                                       *s/ Esther Salas*
                                       **Esther Salas, U.S.D.J.**

Cc:    André M. Espinosa, U.S.M.J.